HAROLD HUNTER, T-11939
FULL NAME

CMC-E  #8278
COMMITTED NAME (if different)

P.O. BOX 8101 SAN LUIS OBISPO,
FULL ADDRESS INCLUDING NAME OF INSTITUTION

CALIF. 93409
T-11939
PRISON NUMBER (if applicable)

IN PRO SE

_Related_
DDS

FILED
CLERK, U.S. DISTRICT COURT

DEC 29 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

HAROLD HUNTER,

PLAINTIFF,

v.

J. HAAR,

DEFENDANT(S).

CASE NUMBER **CV 14-9886** mmm JC6
To be supplied by the Clerk

CIVIL RIGHTS COMPLAINT
PURSUANT TO (Check one)
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

RECEIVED
CLERK, U.S. DISTRICT COURT

DEC 15 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes  ☐ No

2. If your answer to "1." is yes, how many? 3

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

① HUNTER V. WELCHERT, CV05-2484 MMM (JC) INADEQUATE MENTAL HEALTH CARE WITH AN INJURY, DISMISSED

② HUNTER V. HAAR CV12-8477 MMM (JC) INADEQUATE MEDICAL CARE WITH DELIBERATE INDIFFERENCE TO MY SERIOUS MEDICAL NEEDS, RETALIATION, AND FALSIFICATON OF MY MEDICAL RECORDS. _VOLUNTARY_ WITHDRAWAL OF THIS CASE ON 7-16-14, WITH THE INTENT TO REFILE AT A LATER DATE. ALSO PAIN AND SUFFERING WAS INFLICTED ON ME.

③ HUNTER V. SHEPHERD, CV14-4452 MMM (JC) INADEQUATE MEDICAL CARE WITH DELIBERATE INDIFFERENCE TO MY SERIOUS MEDICAL NEEDS, WITH THE INTENTIONAL INFLICTION OF PAIN.

✱ NOTICE OF RELATED CASE PREVIOUSLY FILED IN THE U.S. CENTRAL DISTRICT COURT. PURSUANT TO L.R. 83-1.3 THIS SUIT/ACTION QUALIFIES AS A RELATED CASE, DUE TO THE FACT THAT THE PLAINTIFF WITNESSED SEVERAL ACTS OF INTIMIDATION AND INFLUENCE THE OFFICE OF THE ATTORNEY GENERAL HAS OVER THIS COURT AND THE (CDCR) EMPLOYEES, AND THE PLAINTIFF. THE (OAG) IS VIOLATING MY DUE PROCESS RIGHT, AND RETALIATING AGAINST ME FOR BEING A PRISONER. I HAD TO VOLUNTARY WITHDRAW MY OTHER SUIT. PAGE 1 OF 19

# TABLE OF CONTENTS

COVER PAGE ................................................. 1

I. EXHAUSTION OF ADMINISTRATIVE REMEDIES .......... 2

II. JURISDICTION: PARTIES, PLAINTIFF ................... 2

    JURISDICTION: PARTIES, DEFENDANT ................. 3

III. CIVIL RIGHT CLAIMS VIOLATED ....................... 4

IV. STATEMENT OF CLAIM, RULE 8(a) ..................... 4

V. FACTS ................................................... 5

VI. CAUSATION AND INJURY ................................ 10

VII. SERIOUS MEDICAL NEEDS ............................. 10

VIII. PERSONAL INVOLVEMENT ............................ 11

IX. FAILURE TO RESPOND REASONABLE ................... 11

X. QUALIFIED IMMUNITY ................................. 11

XI. DELIBERATE INDIFFERENCE .......................... 12

XII. ACCIDENT PREVENTION .............................. 12

XIII. THE PLAINTIFF IS ENTITLED TO RELIEF ............ 13

XIV. COUNTS ............................................. 14

    COUNT I, ADEQUATE MEDICAL CARE ................. 14

    COUNT II, CRUEL AND UNUSUAL ..................... 14

    COUNT III, DUE PROCESS ........................... 14

    COUNT IV, RETALIATION ............................ 15

    COUNT V, EQUAL PROTECTION ....................... 15

    COUNT VI, FRAUD AND FALSE DOCUMENTS ........... 16

    COUNT VII, CORPORAL PUNISHMENT, PHYSICAL TORTURE ... 16

## TABLE OF CONTENTS

XV. IN CONCLUSION ........................... 17

XVI. PRAYER FOR RELIEF .................. 18

VERIFICATION ...................... 19

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _ALL IN THE U.S. CENTRAL DISTRICT COURT_

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## _I_ B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## _II_ C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _HAROLD HUNTER, T-11939_
<br>(print plaintiff's name)

who presently resides at _CALIF. MENS COLONY -EAST PO. BOX 8101, SAN LUIS OBISPO, CA. 93409_
<br>(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_CMC-E  P.O. BOX 8101, SAN LUIS OBISPO CA. 93409_
<br>(institution/city where violation occurred)

_PAGE 2 OF 19_

CIVIL RIGHTS COMPLAINT

on (date or dates) _2-9-12      AND STILL ONGOING TODAY_
             (Claim I)              (Claim II)                     (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _JOHANNES A. HAAR_ ~~resides~~ or works at
     _OR P.O. BOX 8101_
     _(full name of first defendant)_
     _CMC-E MEDICAL DEPT. HWY 1 NORTH, SAN LUIS OBISPO, CA. 93409_
     _(full address of first defendant)_
     _MEDICAL DOCTOR_
     _(defendant's position and title, if any)_

     The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law: _DEFENDANT J. HAAR, HAS RETALIATED AGAINST ME FOR FILING AN A.D.A. APPEAL, DEPRIVED ME OF ADEQUATE MEDICAL CARE TO MY SERIOUS MEDICAL NEEDS WITH DELIBERATE INDIFFERENCE, AND HE HAS FALSIFIED SEVERAL MEDICAL DOCUMENTS AND PUT THEM IN MY MEDICAL FILE - A CRIME OF FRAUD_

2.   Defendant _____ resides or works at
     _(full name of first defendant)_
     _____
     _(full address of first defendant)_
     _____
     _(defendant's position and title, if any)_

     The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:
     _____
     _____

3.   Defendant _____ resides or works at
     _(full name of first defendant)_
     _____
     _(full address of first defendant)_
     _____
     _(defendant's position and title, if any)_

     The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:
     _____
     _____

_PAGE 3 OF 19_
CIVIL RIGHTS COMPLAINT

D. CLAIMS* _III_ .

CLAIM I

The following civil right has been violated:

THE PLAINTIFFS FIRST, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION WERE AND STILL ARE TODAY BEING VIOLATED BY THE DEFENDANTS ILLEGAL ACTIONS AND INACTIONS.

1. THE PLAINTIFF WAS AND IS BEING DEPRIVED OF ADEQUATE MEDICAL CARE WITH THE INFLICTION OF PAIN AND SUFFERING ON ME.

2. CRUEL AND UNUSUAL PUNISHMENT WITH PAIN AND SUFFERING.

3. DUE PROCESS

4. RETALIATION WITH PAIN AN SUFFERING

5. PHYSICAL TORTURE AND/OR CORPORAL PUNISHMENT WITH PAIN AND SUFFERING.

6. FALSIFIED MEDICAL DOCUMENTS "NEGATIVE ENTRIES" A CRIME OF FRAUD THAT J. HAAR PUT IN MY MEDICAL FILE.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each _IV_ DEFENDANT (by name) did to violate your right. MY STATEMENT OF A CLAIM SHOWING THAT RELIEF IS ENTITLED TO THE PLAINTIFF AS PER RULE 8(a), FED. R. CIV. P.

THE PLAINTIFF HAROLD HUNTER, WAS AND STILL IS A QUALIFIED INDIVIDUAL WITH DISABILITIES, SOME SINCE 1967. EXHIBIT (16). IN 1970, I RECEIVED A HONORABLE MEDICAL DISCHARGE FROM THE ARMY. EXHIBIT (17). IN 1970, I WAS FIRST DIAGNOSED WITH TRAUMATIC ARTHRITIS. EXHIBIT (18). SINCE 2003, I WAS ISSUED ACTIVITY RESTRICTIONS CHRONOS FROM THE CDCR MEDICAL DOCTORS TO PROTECT MY HEALTH AND SAFETY. EXHIBIT (19). ON 11-16-11, THE DEFENDANT J. HAAR M.D. HIMSELF RECOGNISED AND DIAGNOSED MY MOBILITY DISABILITIES EXHIBIT (20) AND ISSUED ME A CHRONO WITH RESTRICTIONS FOR MOBILITY ELIMINATING MY RESPIRATORY DISABILITIES. EXHIBIT (21). ON 1-26-12, I FILED AN A.D.A. APPEAL TO HELP STOP THE PAIN STANDING IN THE MED LINE. EXHIBIT (22). ON 2-9-12, J. HAAR, RETALIATED AGAINST ME FOR FILING AN A.D.A. APPEAL AND ELIMINATED ALL OF MY DISABILITIES

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

PAGE 4 OF 19

CIVIL RIGHTS COMPLAINT

CV-66 (7/97)

1  CREATING FALSIFIED DOCUMENTS IN MY FILE THAT STILL HARM ME

2  TODAY. EXHIBIT (23) AND EXHIBIT (24) WHERE HE COMPLETELY

3  ELIMINATED MY A.D.A. MEDICAL FILE. WITH MALICE J. HAAR, MADE

4  SURE THAT I WOULD RECEIVE A WORK ASSIGNMENT KNOWING THAT

5  HE WOULD BE INTENTIONALLY INFLICTING PAIN AND SUFFERING

6  ON ME. EXHIBIT (25)(A), (25)(B), AND (25)(C). DEFENDANT J.

7  HAAR, M.D. HAS MADE ME SUFFER IN PAIN PHYSICALLY AND

8  VIOLATED SEVERAL OF MY U.S. CONSTITUTIONAL RIGHTS, HE HAS

9  COMMITTED A CRIME AND I AM ENTITLED TO RELIEF THROUGH

10  THIS COURT FOR HIM VIOLATING MY U.S. CONSTITUTIONAL RIGHTS LISTED.

11

12          V. FACTS

13

14  1. I WISH TO REITERATE MY ABOVE IV. STATEMENT OF A

15  CLAIM HERE AS FACTS.

16  2. THE PLAINTIFF IS A QUALIFIED INDIVIDUAL WITH DISABILITIES

17  AND FALL UNDER THE PROTECTION OF THE AMERICANS WITH

18  DISABILITIES (A.D.A.), SECTION 504 OF THE REHABILITATION

19  ACT OF 1973, 29 U.S.C. §794, 28 CFR PART 35, AND

20  THE ARMSTRONG V. WILSON CASE.

21  3. (A) MY PHYSICAL IMPAIRMENTS SUBSTANTIALLY LIMIT MORE

22  THAN ONE MAJOR DAILY LIFE ACTIVITY.

23  (B) I HAVE A LONG RECORD OF SUCH AN IMPAIRMENT FOR

24  YEARS, EVEN THE CDCR HAS RECOGNISED MY MOBILITY AND

25  RESPIRATORY DISABILITIES FOR YEARS.

26  (C) I AM REGARDED OF HAVING SUCH PHYSICAL IMPAIRMENTS

PAGE 5 OF 19

1 THROUGH SEVERAL DOCTORS. EXHIBIT (16), (18), (19), (20), (21). I AM

2 STILL RECEIVING PAIN MEDICATION. EXHIBIT (26) (A). AND I

3 HAVE A CURRENT PRESCRIPTION FOR THREE (3) DIFFERENT

4 INHALERS BY THE C.D.C.R., AND A C-PAP MACHINE TO

5 AID ME IN BREATHING WHILE I SLEEP.

6 4. THROUGH THE YEARS THE C.D.C.R. MEDICAL DOCTORS HAVE

7 DIAGNOSED AND PRESCRIBED ME WITH NO PROLONGED

8 WALKING AND STANDING, TWISTING, BENDING, STOOPING, CRAWLING,

9 OR LIFTING OVER 10 LBS, DUE TO MY MOBILITY DISABILITIES

10 AND ARTHRITIS.

11 5. ALSO THE CDCR HAS DIAGNOSED ME WITH ASTHMA,

12 C.O.P.D., AND SLEEP APNEA DUE TO MY RESPIRATORY

13 DISABILITIES

14 6. STARTING IN 2003, THE CDCR MEDICAL DEPARTMENT HAS

15 ISSUED THE PLAINTIFF/PATIENT DUTY LIMITATION CHRONOS

16 PRESCRIBING MOVING RESTRICTIONS FOR ANY WORK ASSIGNMENT

17 THAT I MIGHT RECEIVE FOR MY PROTECTION FROM PAIN AND

18 SUFFERING, AND FROM A FUTURE SERIOUS INJURY. EXHIBIT (19).

19 7. ON 11-16-11, THE DEFENDANT J. HAAR, M.D. RECOGNISED AND

20 NOTED THAT I HAD CHRONIC RIGHT FOOT/ANKLE PAIN S/A TRAUMA

21 EXHIBIT (20), AND ON 12-15-11, THE DEFENDANT J. HAAR, HIM SELF

22 ISSUED ME A DUTY LIMITATION CHRONO SHOWING THAT I HAVE A

23 MOBILITY DISABILITY. EXHIBIT (21).

24 8. ON 1-26-12, THE PLAINTIFF WAS EXPERIENCING PAIN

25 FOR STANDING OVER 1½ HOURS IN THE MEDICATION LINE, SO

26 I FILED AN A.D.A. APPEAL TRYING TO GO TO THE FRONT

1 OF THE LINE TO SHORTEN MY STANDING TIME . EXHIBIT (22).

2 9. PLEASE NOTE: I SAID NOTHING ABOUT J. HAAR, HIS

3 NAME DOES NOT APPEAR IN MY A.D.A. APPEAL, EXHIBIT (22)

4 10. ON 2-9-12, "14 DAYS LATER" THE PLAINTIFF WAS

5 SEEN FOR AN INTERVIEW BY THE DEFENDANT J. HAAR, M.D.

6 WHO WAS VISIBLY UPSET AND VERBALLY MAD AT ME,

7 SAYING THAT "I SHOULD NOT HAVE FILED THIS A.D.A. APPEAL,

8 NOW I WILL HAVE TO REMOVE YOUR ACTIVITY RESTRICTIONS

9 FROM YOUR DUTY LIMITATION CHRONO."

10 11. AND WITHOUT A MEDICAL EXAM J. HAAR, FOLLOWED

11 THROUGH WITH HIS THREAT RETALIATION AND REPRISAL

12 AND REMOVED ALL OF MY KNOWN A.D.A. DISABILITIES

13 DATEING BACK TO 1967. EXHIBIT (23)

14 12. MY CDCR FORM 1824, A.D.A. APPEAL WAS ON HIS DESK.

15 13. ALSO OUT OF RETALIATION AND REPRISAL, HE ALSO ACTED

16 WITH MALICE "WITH THE INTENT TO INFLICT PAIN AND SUFFERING

17 ON ME" HE WROTE AT THE TOP OF EXHIBIT (23) "DISREGARD

18 PRIOR 128-C DUTY LIMITION SHEET" AND SENT IT TO THE

19 ASSIGNMENT LIEUTENANT PLACING PLAINTIFF ON A WORKERS

20 LIST FOR AN ASSIGNMENT ENSORING THAT THE PLAINTIFF

21 WOULD RECEIVE A JOB.

22 14. ALSO ON 2-9-12, J. HAAR, M.D. ELIMINATED MY A.D.A.
SEE EXHIBIT (24)

23 MEDICAL FILE ALSO JUST OUT OF ANGER AND RETALIATION.

24 15. THE DEFENDANT J. HAAR, HAS NOW VIOLATED SEVERAL

25 OF THE PLAINTIFF'S U.S. CONSTITUTIONAL RIGHTS AND

26 FEDERAL STATUTES. SEE COUNTS

1  16. ALSO J. HAAR, HAS COMMITTED A CRIME OF FRAUD

2  BY FALSIFING MEDICAL DOCUMENTS AND PLACING THE

3  NEGATIVE ENTRIES IN MY MEDICAL FILE. EXHIBIT (24) & (23)

4  17. BECAUSE OF THESE FALSIFIED MEDICAL DOCUMENTS I

5  AM NOW PROHIBITED FROM FILING AN 1824 A.DA.

6  APPEAL STILL TODAY, BECAUSE I NO LONGER HAVE

7  AN A.D.A. FILE, DUE TO THE FACT THAT DEFENDANT J.

8  HAAR M.D, HAS REFUSED TO NOW RECOGNISE MY SERIOUS

9  MEDICAL NEEDS AND IS DEPRIVING ME OF ADEQUATE

10  MEDICAL CARE.

11  18. ON PAGE 5 ¶2, I LISTED ARMSTRONG V. WILSON WHICH

12  IS A COURT ORDERED PRODUCT OF THE CDCR, WHICH STATES

13  THAT VERIFICATION OF A DISABILITY SHALL BE RECORDED ON

14  A CDCR FORM 1845.

15  19. THE CDCR ONLY GOES BY THE FORM 1845, WHICH J.

16  HAAR ELIMINATED IN HIS RETALIATION AND THE

17  FALSIFICATION OF MY MEDICAL RECORDS. EXHIBIT (24).

18  20. ON 2-17-12, 8 DAYS LATER FROM 2-9-12, THE PLAINTIFF

19  RECEIVES HIS FIRST WORK ASSIGNMENT. EXHIBIT (25)(A)

20  21. THE PLAINTIFF NOW HAS NO PROTECTION FOR MY

21  HEALTH AND SAFETY, MADE TO WORK BEYOND MY PHYSICAL

22  CAPABILITY AND FORCED TO ENDURE PAIN AND SUFFERING

23  WITH A REAL POSSIBILITY OF AN IMMINENT INJURY.

24  22. ALSO NOTE: DEFENDANT J. HAAR M.D. ELIMINATED

25  ALL OF MY PHYSICAL DISABILITIES, BUT ON EXHIBIT (26)(A)

26  AND (26)(B) HE HIMSELF PRESCRIBES ME PAIN

1 MEDICATION ON 2-9-12, THAT IS TOTALLY INCONSTANT

2 WITH HIS DIAGNOSES OF NO PHYSICAL DISABILITIES.

3 23. MY U.S. CONSTITUTIONAL VIOLATIONS CAUSED BY J. HAAR,

4 IS AN IRREPARABLE INJURY TO ME STARTING IN 2-9-12,

5 TO TODAY. HE HAS INFLUENCED HIS COLLEAGUES TO

6 SUPPORT HIS ILLEGAL ACTIONS.

7 24. BUT, ON 5-24-13, EXHIBIT (27) LINE 1, I AM

8 AGAIN DIAGNOSED WITH "ARTHRITIS, PARTICULARLY IN MY KNEES,

9 FEET, AND LOW BACK. BUT I STILL HAVE NO A.D.A. FILE.

10 25. DEFENDANT J. HAAR'S ILLEGAL ACTIONS WERE COLD

11 AND CALCULATED ON 2-9-12, FOR NO GOOD REASON.

12 HIS ACT OF MALICE WITH THE INTENT OF INFLICTING

13 CORPORAL PUNISHMENT ON ME WORKED. I HAD TO ENDURE

14 COUNTLESS OF HOURS OF PAIN AND SUFFERING THAT WAS

15 UNNECESSARY AND WANTON INFLICTION OF PAIN.

16 26. J. HAAR, AS MY MEDICAL DOCTOR KNEW THAT I

17 WOULD SUFFER IN PAIN, HE KNOWS WHAT CAUSES PAIN

18 AND HOW TO STOP PAIN. HE WAS TOTALLY DELIBERATE

19 INDIFFERENT TO MY SERIOUS MEDICAL NEEDS, BY

20 DEPRIVING ME OF ADEQVATE MEDICAL CARE THROUGH

21 RETALIATION.

22 27. J. HAAR, DEPRIVED ME OF MY DUE PROCESS RIGHT.

23 AND DISCRIMINATED AGAINST ME, MY PUNISHMENT FOR

24 FILING AN A.D.A. APPEAL WAS CRUEL AND UNUSUAL BY

25 INFLICTING PHYSICAL TORTURE ON ME.

26

1        VI.  CAUSATION AND INJURY

2

3  28.  THE PLAINTIFF HAS MADE SEVERAL ACCUSATION ABOUT

4  THE DEFENDANT J. HAAR, M.D, THAT IS FACTUAL TRUE.

5  MY ACCUSATION ARE NOT ONLY PLAUSIBLE, BUT THEY

6  ARE SUPPORTED WITH EXHIBITS.

7  29. THE DEFENDANT J. HAAR, IS THE CAUSATION OF THIS

8  SUIT, BY VIOLATING MY U.S. CONSTITUTIONAL RIGHTS.

9  30. THE MEDICAL CARE THAT I RECEIVED CONCERNING

10  MY SERIOUS MEDICAL NEEDS ARE SO INADEQUATE AS TO

11  SHOCK THE CONSCIENCE OR TO BE INTOLERABLE TO

12  FUNDAMENTAL FAIRNESS TO THE PLAINTIFF.

13  31. THE DEFENDANT HAS HIMSELF INFLICTED GREAT PAIN AND

14  SUFFERING ON THE PLAINTIFF THAT WAS UNNECESSARY AND

15  WANTON INFLICTION OF PAIN. AND WITH HIS ILLEGAL AND

16  RETALIATORY ACTIONS WERE RECKLESS WITH A CALLIOUS

17  DISREGARD FOR MY HEALTH AND SAFETY BY PLACING ME

18  IN THE POSITION OF AN IMMINENT INJURY WILLFULLY.

19

20        VII. SERIOUS MEDICAL NEEDS

21

22  32. THE PLAINTIFF HAS LISTED HIS SERIOUS MEDICAL NEEDS ON

23  PAGE 6  ¶ #4 AND #5, WHICH ARE CHRONIC AND DO

24  NOT GET BETTER IN TIME, AND THE DEFENDANT

25  AS A DOCTOR KNOWS THAT. I WAS INCARCERATED WITH SERIOUS

26  MEDICAL NEED, AND THE CDCR IS OBLIGATED BY LAW TO TREAT THEM.

## VIII. PERSONAL INVOLVEMENT

33. J. HAAR, SHOWS PERSONAL INVOLVEMENT IN MY SIGNED EXHIBITS, AND AS MY ASSIGNED MEDICAL DOCTOR HE HAD PERSONAL KNOWLEDGE OF ME THROUGH MY MEDICAL RECORDS AND VISITS. AND STILL REMAINS DELIBERATE INDIFFERENT TO MY HEALTH AND SAFETY

## IX. FAILURE TO RESPOND REASONABLE

34. J. HAAR FAILED TO RESPOND REASONABLE, PRISON OFFICIALS MUST ELIMINATE A RISK OF HARM ONCE THEY LEARN ABOUT IT.

## X. QUALIFIED IMMUNITY

35. DEFENDANT J. HAAR, DOES NOT QUALIFY FOR IMMUNITY. HE WILLFULLY VIOLATED CLEARLY ESTABLISHED STATUTORY AND U.S. CONSTITUTIONAL RIGHTS THAT A REASONABLE PERSON WOULD HAVE KNOWN.

36. HE EXCEEDED HIS DISCRETION AND IS THE CAUSATION OF THIS SUIT. HE IS CLEARLY ENGAGING IN AN UNCONSTITUTIONAL CONDUCT. HIS ACTIONS AND INACTIONS ARE CLEARLY CONTRARY TO ESTABLISHED LAW.

37. HE DID NOT GIVE ME A REASON FOR HIS ACTIONS AND THE INFRINGEMENT OF MY RIGHTS WERE EXTREME, SWEEPING, AND OBVIOUS.

1    XI. DELIBERATE INDIFFERENCE

2

3    38. THE OBJECTIVE AND SUBJECTIVE TO THIS STANDARD IS:

4    1. I HAVE PROVEN THAT J. HAAR KNEW OF MY SERIOUS MEDICAL

5    NEEDS, AS MY ASSIGNED MEDICAL DOCTOR HE HAD FULL

6    ACCESS TO MY MEDICAL FILE AND MEDICAL HISTORY. HE

7    ALSO KNEW OF MY PAINFUL CONDITION BY HIS OWN ADMISSION

8    IN EXHIBIT (20) AND (21), AND THROUGH MY APPEALS, AND

9    OUR VERBAL TALKS.

10   39. 2. DEFENDANT J. HAAR, FAILED TO RESPOND

11   REASONABLY TO MY SERIOUS MEDICAL NEEDS, IN FACT

12   THROUGH HIS RETALIATION HE ACTUALLY MADE MY

13   CONDITION WORST INTENTIONALLY. EXHIBIT (23) AND (24)

14   AND EXHIBIT (25)(A). HE INTENTIONALLY PLACED ME IN AN OBJECTIVELY

15   CRUEL CONDITION.

16   XII. ACCIDENT PREVENTION

17

18   40. AS MY ASSIGNED MEDICAL DOCTOR, DEFENDANT J. HAAR,

19   IS BY LAW IS OBLIGATED TO TREAT MY SERIOUS MEDICAL NEEDS,

20   HELP TO ELIMINATE PAIN, AND PROTECT MY HEALTH AND

21   SAFETY EVEN ON WORK ASSIGNMENTS, AND HE NOT ONLY FAILED

22   HERE HE CREATED IT AND SUBJECTED ME TO CRUEL AND

23   UNUSUAL PUNISHMENT RESULTING IN SEVERE PAIN FOR ME

24   ON WORK ASSIGNMENTS.

25   41. THE PLAINTIFF RECEIVED A WORK ASSIGNMENT DUE DIRECTLY

26   TO HAAR'S ANGER AND RETALIATION AND MALICE TO

1  INFLICT CORPORAL PUNISHMENT ON ME AGGRAVATING
2  MY PAINFUL CONDITION, AND DISREGARD FOR A PRISONERS
3  SAFETY VIOLATES THE EIGATH AMENDMENT IF IT CREATES
4  AN UNREASONABLE RISK OF INJURY IN WORKING.
5  42. PRISONERS MAY NOT BE REQUIRED TO DO WORK THAT
6  IS UNSAFE, BEYOND THEIR PHYSICAL CAPABILITIES, THEY
7  MAY NOT BE GIVEN WORK ASSIGNMENT THAT ARE MEDICALLY
8  INAPROPRIATE.
9  43. INMATES HAVE A RIGHT TO SAFE WORKING CONDITIONS,
10  AND OFFICIALS MUST TAKE MEASURES TO PREVENT SERIOUS
11  ACCIDENTS FROM HAPPENING.
12
13  XIII. THE PLAINTIFF IS ENTITLED TO RELIEF
14
15  44. DEFENDANT J. HAAR, DESERVES TO BE PUNISHED FOR
16  HIS EVIL INTENT/ACTIONS AND HE WILLFULLY VIOLATED MY
17  U.S. CONSTITUTIONAL RIGHTS.
18  45. THE PLAINTIFF BELIEVES HE HAS SATISIFIED THE
19  STANDARD FOR PUNITIVE DAMAGES
20  46. THE PLAINTIFF CAN RECEIVE DAMAGES FOR ANY PAIN
21  AND SUFFERING EXPERIENCED WHILE WAITING TO RECEIVE
22  PROPER TREATMENT.
23  47. ALL OF MY LISTED COUNTS OF CONSTITUTIONAL VIOLATIONS
24  ARE ON GOING, AND EFFECT ME TODAY.
25
26

1          XIV. COUNTS

2

3               COUNT I

4

5  48. J. HAAR, HAS DEPRIVED ME AND DENIED ME OF

6  ADEQUATE MEDICAL CARE, AN EIGHTH AMENDMENT VIOLATION

7  OF MY RIGHTS.

8

9               COUNT II

10

11  49. J. HAAR, HAS INTENTIONALLY SUBJECTED THE PLAINTIFF

12  TO CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF

13  THE EIGHTH AMENDMENT, MY RIGHT TO BE FREE FROM CRUEL

14  AND UNUSUAL PUNISHMENTS.

15  50. J. HAAR, HAS DEPRIVED ME OF MY RECOGNISED

16  A.D.A. DISABILITIES BY ELIMINATING THEM ON PAPER ONLY.

17  51. J. HAAR, HAS INTENTIONALLY SUBJECTED ME TO THE

18  UNNECESSARY AND WANTON INFLICTION OF PAIN, AND CREATED

19  AN IMMEDIATE DANGER OF A PHYSICAL INJURY ON ME.

20

21               COUNT III

22

23  52. J. HAAR, HAS DEPRIVED ME OF MY DUE PROCESS RIGHT

24  GUARANTEED BY THE FOURTEENTH AMENDMENT.

25  53. THE PLAINTIFF HAD EVERY LEGAL RIGHT TO FILE AN

26  A.D.A. APPEAL CALLED "PROTECTED CONDUCT" AND I WAS

               PAGE 14 OF 19

1 PUNISHED FOR IT, PLAINTIFF RECEIVED AN ATYPICAL AND
2 SIGNIFICANT HARDSHIP AND PAIN AND SUFFERING BECAUSE
3 OF J. HAAR'S ILLEGAL AND EVIL ACTS OF RETALIATION.
4 54. DUE TO THE FACT THAT THE PLAINTIFF WAS FACING AN
5 IMMINENT DANGER AND THE UNNECESSARY AND WANTON
6 INFLICTION OF PAIN, THE PLAINTIFF SHOULD BE GRANTED A
7 CHANCE TO APPEAL J. HAAR'S UNCONSTITUTIONAL DECISION BEFORE
8 IT WENT INTO EFFECT.
9
10                    COUNT IV
11
12 55. J. HAAR, ILLEGAL ACTIONS SUBJECTED THE PLAINTIFF
13 TO "RETALIATION" A FIRST AMENDMENT VIOLATION OF MY
14 RIGHTS, BECAUSE I EXERCISED MY LEGAL RIGHT OF
15 "PROTECTED CONDUCT" TO FILE AN A.D.A. APPEAL.
16
17                    COUNT V
18
19 56. J. HAAR, HAS SUBJECTED THE PLAINTIFF TO THE DEPRIVATION
20 OF HIS EQUAL PROTECTION RIGHTS, IN VIOLATION OF MY
21 FOURTEENTH AMENDMENT RIGHTS.
22 57. J. HAAR, HAS DISCRIMINATED AGAINST ME BY UNFAIRLY
23 SINGLING ME OUT FOR MISTREATMENT FOR EXERCISING MY
24 RIGHT TO FILE AN A.D.A. APPEAL.
25 58. THE PLAINTIFF IS BEING TREATED ATYPICALLY IN
26 THE EVENT THAT HE WAS TREATED DIFFERENTLY THAN THE

1 WAY MOST PRISONERS ARE TREATED.

2

3                    COUNT VI

4

5 59. J. HAAR, IS GUILTY OF FRAUD, AND CREATING

6 FALSE MEDICAL DOCUMENTS AND PLACING THEM IN

7 MY MEDICAL FILE. THESE FALSIFIED DOCUMENTS OR

8 NEGATIVE ENTRIES, THAT I WANT EXPUNGED, IS

9 DETRIMENTAL TO MY HEALTH AND SAFETY STILL TODAY.

10 60. IT IS A CRIME TO FALSIFY MEDICAL RECORDS, IT IS A

11 DELIBERATE INDIFFERENT CLAIM. SEE MONTGOMERY V. PINTCHAK,

12 294 F.3d 492,501 (3RD CIR. 2002) AND IT IS A

13 MISDEMEANOR UNDER CALIFORNIA LAW IN PENAL CODE

14 §471.5.

15 61. FRAUD: A KNOWING MISREPRESENTATION OF THE TRUTH,

16 WHEN THE CONDUCT IS WILLFUL IT MAY BE A CRIME.

17 FRAUDULENT ACT: CONDUCT INVOLVING BAD FAITH, DISHONESTY,

18 A LACK OF INTEGRITY, OR MORAL TURPITUDE.

→ 19 ACTUAL FRAUD: A CONCEALMENT OR FALSE REPRESENTATION

20 THROUGH A STATEMENT OR CONDUCT THAT INJURES ANOTHER

21 WHO RELIES ON IT.

22

23                    COUNT VII

24

25 62. J. HAAR'S ACTIONS AND INACTIONS WERE RECKLESS WITH

26 A CALLIOUS DISREGARD FOR THE PLAINTIFF'S HEALTH AND

                    PAGE 16 OF 19

1 SAFETY BY INTENTIONALLY PUTTING ME THROUGH "PHYSICAL
2 TORTURE" BY SUBJECTING ME TO CORPORAL PUNISHMENT
3 IN VIOLATION OF MY RIGHTS AND DEPRIVING ME OF
4 PROTECTION UNDER THE EIGHTH AMENDMENT.
5 63. THE PLAINTIFF RECEIVED A WORK ASSIGNMENT DUE
6 DIRECTLY TO RETALIATION BY J. HAAR, AND WAS MADE TO
7 WORK AGGRAVATING MY ALREADY PAINFUL CONDITION,
8 MAKING MY CONDITION WORSE.
9
10        XV. IN CONCLUSION
11
12 64. THE DEFENDANT J. HAAR M.D., HAS MADE A CALCULATED
13 AND WILLFUL DECISION TO VIOLATE MY CONSTITUTIONAL
14 RIGHTS, AND BLATANTLY AND BRAZENLY COMMITTED A
15 MISDEMEANOR CRIME OF FRAUD AND INTENTIONALLY
16 FILING FALSE MEDICAL DOCUMENTS IN MY MEDICAL FILE
17 THAT HARM ME, SUBJECTING ME TO THE UNNECESSARY AND
18 WANTON INFLICTION OF PAIN AND SUFFERING.
19 65. J. HAAR DESERVES TO BE PUNISHED, BECAUSE HE IS
20 NOT AFRAID TO VIOLATE THE LAWS IN THE U.S.
21 CONSTITUTION AND THE LAWS OF CALIFORNIA, AND
22 FOR THAT HE DOES NOT QUALIFY FOR IMMUNITY AND
23 MUST PAY RELIEF TO ME FOR ALL THE INFLICTIONS
24 HE PUT ON ME.
25
26

1    XVI. PRAYER FOR RELIEF

2

3  66. WHEREFORE, THE PLAINTIFF RESPECTFULLY PRAYES THAT

4  THIS HONORABLE COURT GRANTS THE FOLLOWING:

5  A. DECLARE THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN,

6      VIOLATE THE PLAINTIFFS RIGHTS UNDER THE U.S.

7      CONSTITUTION AND FEDERAL STATUTES LAWS.

8  B. ORDER THE DEFENDANT J. HAAR, TO PAY COMPENSATORY

9      DAMAGES IN THE AMOUNT OF $ 20,000.00 DOLLARS, TO

10     COVER THE COST OF LITIGATION, THE INTENTIONAL INFLICTION

11     OF PAIN AND SUFFERING THAT I HAD TO ENDURE.

12  C. ORDER THE DEFENDANT J. HAAR, TO PAY PUNITIVE

13     DAMAGES IN THE AMOUNT OF $500,000.00 DOLLARS, FOR HIS

14     EVIL ILLEGAL ACTS AND INFLICTING PAIN AND SUFFERING

15     MAKING MY CONDITION WORSE, VIOLIATING MY U.S.

16     CONSTITUTIONAL RIGHTS, AND PUTING FALSE MEDICAL

17     DOCUMENTS IN MY MEDICAL FILE THAT EFFECT ME STILL TODAY.

18  D. ORDER THE DEFENDANT J. HAAR TO PAY REASONABLE COURT

19     FEES AND COST TO PROSECUTE HIM.

20  E. ISSUE AN ORDER FOR THE EXPONGMENT OF ALL THE

21     FALSIFIED MEDICAL RECORDS FROM MY FILE.

22  F. ISSUE AN ORDER GRANTING PLAINTIFF A JURY TRIAL.

23  G. ISSUE AN ORDER TO REVOKE J. HAAR'S M.D. MEDICAL

24     PRACTICE LICENSE FOR ONE (1) YEAR.

25  H. ISSUE AN ORDER TO REINSTATE MY CDCR A.D.A.

26     FILE LISTING ALL OF THE PLAINTIFFS DISABILITIES.

PAGE 18 OF 19

1   I. AM GRANT ANY OTHER JUST AND EQUITABLE RELIEF

2     THAT THIS HONORABLE COURT DEEMS NECESSARY.

3

4   RESPECTFULLY SUBMITTED,

5   Harold Hunter

6   HAROLD HUNTER, IN PRO SE

7   CMC-E #8279

8   P.O. BOX 8101

9   SAN LUIS OBISPO, CA. 93409

10

11   DATED: 11-25-14

12

13          VERIFICATION

14

15   I HAROLD HUNTER, T-11939 DECLARE AND VERIFY UNDER PENALTY

16   OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

17   EXECUTED ON THE 14 DAY OF NOVEMBER , 2014

18

19   DECLARANT: Harold Hunter

20       HAROLD HUNTER, IN PRO SE

21

22

23

24

25

26

             PAGE 19 OF 19

HAROLD HUNTER, T-11939
CMC-E CELL #8278
P.O. BOX 8101
SAN LUIS OBISPO, CA. 93409
IN PRO SE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HUNTER, | CIVIL ACTION NUMBER: |
| PLAINTIFF, | |
| V. | |
| J. HAAR, | NUMBERED EXHIBITS |
| DEFENDANT | |

# TABLE OF CONTENTS

APPEALS                                EXHIBITS (1) TO (15)

LETTER FROM A DOCTOR IN 1969           EXHIBIT (16)

ARMY MEDICAL RECORDS IN 1970           EXHIBITS (17) (18)

MEDICAL CHRONO IN 2003                 EXHIBIT (19)

MEDICAL CHRONO FILED BY
J. HAAR, ON 11-16-11                   EXHIBIT (20)

MEDICAL CHRONO FILED BY
J. HAAR, ON 12-15-11                   EXHIBIT (21)

PLAINTIFFS 1824 A.D.A. APPEAL FILED ON 1-26-12   EXHIBIT (22)

"RETALIATION" MEDICAL CHRONO
FILED ON 2-9-12                        EXHIBIT (23)

PLAINTIFFS CDCR 1845 FORM   EXHIBITS (24)

# TABLE OF CONTENTS

WORK ASSIGNMENTS                          (25) (A)
✓          ✓                              (25) (B)
✓          ✓                              (25) (C)


2-9-12, HAAR STOPS PAIN MEDS              (26) (A)
2-9-12, HAAR STARTS PAIN MEDS             (26) (B)


MEDICAL EXAM ON 5-24-13 SHOWING
ARTHRITIS                                 (27) LINE 1

# APPEALS

### EXHIBITS (1) THROUGH (15)

*Recat*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## REASONABLE MODIFICATION OR ACCOMMODATION REQUEST

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: CMC-E | LOG NUMBER: 12-00082 | CATEGORY: 18. ADA |
|---|---|---|
| | 12-00128 | 9 |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.

| INMATE/PAROLEE'S NAME(PRINT) HAROLD HUNTER | CDC NUMBER T-11939 | ASSIGNMENT THERAPEUTIC | HOURS/WATCH | HOUSING 8357 |
|---|---|---|---|---|

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disibility shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY: AS PER C.D.C.R. RECORDS, AXIS I OUTPATIENT WALKING AND STANDING, ARTHRITIS PAIN, C.O.P.D., ASTHMA, SLEEP APNEA, RESPIRATORY BREATHING PROBLEMS

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY? MY DISABILITY IS VERIFIED BY THE MEDICAL AND MENTAL HEALTH RECORDS IN THE POSSESSION OF THE C.D.C.R.; AS PER THE ABOVE DECRIPTION, MY DISABILITIES EFFECT FOUR (4) OF THE MAJOR LIFE ACTIVITIES CRITERIA IN TITLE II OF THE A.D.A., SECTION 504 OF THE REHABILITATION ACT, AND THE DEPARTMENT OF JUSTICE 28 CFR PART 35

DESCRIBE THE PROBLEM: THE PROBLEM IS REOCCURING EVERY NIGHT IN THE P.M. MEDICATION LINE ON THE D-QUAD YARD. THE C.D.C.R. CUSTODY WILL NOT ADHERE TO MY DOCTORS DUTY LIMITATION CHRONO 128-C FORM 505. THE C.D.C.R. CUSTODY MAKES ME STAND FOR LONG PERIODS OF TIME WELL PAST MY PHYSICAL ENDURANCE AND I HAVE TO LEAVE WITHOUT TAKING MY P.M. MEDICATION, IN SHORT THE C.D.C.R. CUSTODY IS BLOCKING MY PARTICIPATION IN TAKING MY MEDICATION "PSYCH MEDS"

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? TO BE ABLE TO GO TO THE FRONT OF THE MEDICATION LINE, SO AS TO SHORTEN MY STANDING TIME.

FEB 1 8 2012     *EXHIBIT (1)*

CMC APPEALS OFFICE

*Harold F. Hunter*

INMATE/PAROLEE'S SIGNATURE

1-26-12

DATE SIGNED

State of California
CDC FORM 695
Screening For:
CDCR 602 Inmate/Parolee Appeals
CDCR 1824 Reasonable Modification or Accommodation Request

RE: Screening at the MVP Level

*February 13, 2012*

*HUNTER, T11939*
*EFDQB8F300008357U*

Issue:          ADA
~~Subcategory:   Reasonable Accommodations~~
Received:       02/13/2012

Log Number: CMC-E-12-00082
(Note: Log numbers are not assigned to screen out appeals)

The enclosed documents are being returned to you for the following reasons:

*A.D.A. FORM*

*Your appeal has not been accepted as a CDCR Form 1824 issue; however, your appeal has been accepted and is currently being processed pursuant to the provisions specified in CCR 3084.*

*During the medical verification process it was determined your disability was not confirmed. However, your appeal issue will be assigned as a regular appeal.*


M. Vela / B. Phillips                    J. Javaux / M. Bohard
CC-II Specialist                         Staff Services Analyst
California Men's Colony                   California Men's Colony


*EXHIBIT (2)*

HUNTER, T11939, February 13, 2012                    MGV          Page 1 of 1

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

Side 1

I113559

T11939

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CMC-E | 12-00L28 | 9 |

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Appeal is subject to rejection if one row of text per line is exceeded.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| HUNTER, Harold | T-11939 | 8357 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602):

*See attached*

B. Action requested (If you need more space, use Section B of the CDCR 602):

*See attached*

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: _____ Date Submitted: _____

☐ By placing my initials in this box, I waive my right to receive an interview.

INMATE APPEALS BRANCH

RECEIVED MAY -4 2012

RJS follow 605 RJS

**C. First Level - Staff Use Only**   Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☒ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction). Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☒ Accepted at the First Level of Review.

Assigned to: T. King   Title: AW   Date Assigned: FEB 13 2012   Date Due: MAR 27 2012

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 2-24-12   Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: IDFac Program

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: D. EVANS (Print Name)   Title: SGT   Signature: _____   Date completed: 3/16/12

Reviewer: J.S. BLOXOM (Print Name)   Title: AW   Signature: _____

Date received by AC: MAR 26 2012

| | AC Use Only | |
|---|---|---|
| *EXHIBIT (3)* | Date mailed/delivered to appellant MAR 27 2012 | |

State of California                                                                       ‑tment of Corrections and Rehabilitation

# Memorandum

Date      : March 8, 2012

To        : HUNTER, Harold
           T-11939 / Cell 6357
           California Men's Colony

Subject   : FIRST LEVEL REVIEW
           CMC APPEAL LOG # CMC-E-12-00128

          APPEAL: DENIED

          A review of your Inmate/Parole Appeal Form (CDC-602) has been completed.  Your
          complaint, including requested remedial action has received careful consideration.

APPEAL ISSUE:

You state in your appeal that while housed in D-Facility, every night during the PM
Pharmacy Medication Line, Custody Staff will not adhere to your Doctors Duty Limitation
Chrono, CDC 128C.
1.  You contend your Duty Limitation rights are violated because you must stand in the
    Medication Line.
2.  You contend the Custody Staff are blocking you from participating in taking your PM
    Medication.

ACTION REQUESTED:

1.  To be allowed in front of all other PM Medication Line participants to shorten your
    standing time.

DETERMINATION:

Your appeal was reviewed and assigned to the First Level of Review pursuant to California
Code of Regulations (CCR) Section 3084.7.

INTERVIEWS:

On Friday, February 24, 2012, Correctional Sergeant D. Evans conducted a personal
interview with you regarding the issues pertaining to your appeal.  During the interview
Sgt. Evans read the appeal out loud slowly in your presence using the English Language.
During the interview you answered each question addressed to you in regards to the
appeal to the satisfaction of Sgt. Evans who made a determination effective
communication had been established.  At the time of the interview you reiterated your
contentions as documented in the body of the appeal and had no additional information to
add.

On Sunday, February 26, 2012, Sgt. Evans interviewed HCA, PM Medication Line Officer
McMahan regarding your appeal.  Officer McMahan stated that you have never requested
front of the line privileges.

APPEAL DOCUMENTATION/EVIDENCE ASSOCIATED WITH APPEAL:

*EXHIBIT (4)*

FIRST LEVEL REVIEW CMC APPEAL LOG #CMC-E-12-00128                    Page: 2

1. Inmate Appeal Form (CDC-602) Log # CMC-E-12-00128
2. Reasonable Modification/Accommodation Form (CDCR 1824), Log #12-0082
3. Duty Limitation Chrono, CMC-MED-505, dated 2-9-12 and 2-21-12
4. Disability Placement Program Verification (DDPV), CDC 1845

APPEAL RESPONSE:

1. A review of the submitted documentation reflects on 2-9-12 you were issued a copy of your Duty Limitation Chrono, which does not indicate you have any activity restrictions.
2. On 2-21-12 you were issued a second Duty Limitation Chrono indicating no prolonged standing, not longer than 15 minutes every 30 minutes.
3. A review of your DPPV Form, CDC-1845 dated 2-9-12, which states in part; "Patient does not have objective findings to support need for front of the medication line chrono. Also, he can avail himself to "Last Call" to prevent standing the entire time at pill call."

*J. HAAR, M.D. ELIMINATED MY A.D.A.*

REQUEST RESPONSE:   *FILE ON 2-9-12*

Based on the aforementioned, your request to be allowed to go to the front of the Medication Line is DENIED.

CONCLUSION:

Your appeal is DENIED at the First Level. Should you be dissatisfied with this appeal decision, you may, by following the instructions listed on your Inmate Appeal Form (CDC 602), request further review.

REVIEWED AND APPROVED

J.S. BLOXOM
Associate Warden Central Operations
California Men's Colony

Cc: C-File, Appeals File

*EXHIBIT (5)*

State of California
CDC FORM 695
Screening For:
CDCR 602 Inmate/Parolee Appeals
CDCR 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*April 10, 2012*

*HUNTER, T11939*
*EFDQB8F300008335U*

Issue:        LIVING CONDITIONS
~~Subcategory:   Adequacy of Environment~~
Received:    04/10/2012

Log Number: CMC-E-12-00128
(Note: Log numbers are not assigned to screen out appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(16). The appeal issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required lower levels of review and assessment have thereby been circumvented.*

*You cannot change your appeal issue. This appeal is addressing your request to be able to go to the front of the med line, not the medical assessment made by health care staff. If you do not agree with Dr. Haar's assessment of your medical issues you need to submit a CDCR 602-HC to the Health Care Appeals Office regarding your disagreement with medical treatment.*

M. Vela / B. Phillips
CC-II Specialist
California Men's Colony

J. Javaux / M. Bohard
Staff Services Analyst
California Men's Colony

*EXHIBIT (6)*

HUNTER, T11939, April 10, 2012                          JRJ          Page 1 of 1

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.6(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

STATE OF CALIFORNIA
PATIENT/INMATE HEALTH CARE APPEAL
CDCR 602 HC (REV. 04/11)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| STAFF USE ONLY Emergency Appeal. | ☐ Yes. | ☐ No | Institution: CMC SC | Log #: 12000399 | Category: 7 |
|---|---|---|---|---|---|
| Signature: | | Date: | | FOR STAFF USE ONLY | |

You may appeal any California Prison Health Care Services (CPHCS) decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

WRITE, PRINT, or TYPE CLEARLY.

Appeal is subject to rejection if one row of text per line is exceeded.

| Name (Last, First): HUNTER HAROLD | CDC Number: T-11939 | Unit/Cell Number: DQUAD 8335 | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.): I AM BEING PHYSICALLY HARMED BY DR. HAAR'S ACTIONS

Received
APR 20 2012
Health Care Appeals

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 12-15-11, DR. HAAR, FILLED OUT AND SIGNED A CDC 128-C DUTY LIMITATION SHEET FOR NO PROLONGED STANDING AND WALKING. ON 1-26-12, I FILED AN 1824, WHICH I FOUND -CONTINUE-

B. Action requested (If you need more space, use Section B of the CDCR 602-A): DR. HAAR, PLEASE RETRACT YOUR WRITTEN STATEMENT ON MY FORM 1845, AND RETRACT YOUR WRITTEN 128-C DUTY LIMITATION SHEET DATED 2-9-12

☒ Supporting Documents: Refer to CCR 3084.3.

List supporting documents attached (e.g. Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.): FORM 602-A          CDCR 22 INMATE REQUEST

☒ No, I have not attached any supporting documents. Reason: ALL OF MY 128-C DUTY LIMITATION SHEETS ARE IN THE POSSESSION OF THE CDCR 2003 TO DATE AND APPEAL LOG # CMC-E-12-00128

Patient/Inmate Signature: Harold Hunt          Date Submitted: 4-13-12

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only          Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☐ Rejected (See attached letter for instruction) : Date: ___ Date: ___ Date: ___ Date: ___

☐ Cancelled (See attached letter): Date: ___

☐ Accepted at the First Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in part ☐ Denied ☐ Other:

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
          (Print Name)

EXHIBIT (C7)

Reviewer: _____ Title: _____ Signature: _____
          (Print Name)

Date received by HCAC: _____          HCAC Use Only Date mailed/delivered to appellant: __/__/__

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|
| | CMC SC | 12003?? | 7 |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): HUNTER HAROLD | CDC Number: T-11939 | Unit/Cell Number: DRUNO 8335 | Assignment: |

**Received**
APR 20 2012
Health Care Appeals

A. Continuation of CDCR 602, Section A only (Explain your issue): MYSELF BACK IN DR. HAAR'S OFFICE ON 3-9-12, DR. HAAR WAS ANGRY WITH ME FOR FILING THE 1824, DR. HAAR WAS RUDE WITH ME AND WAS VERY UNPROFESSIONAL, AND MADE OUT YET ANOTHER 128-C DUTY LIMITATION SHEET TAKING AWAY MY PHYSICIAL LIMITATIONS WHICH I HAD WELL ESTABLISHED DUTY LIMITATION 128-C'S SINCE 2003. DR. HAAR HAS REFUSED TO REPLY TO MY INMATE REQUEST ATTACHED DATED 3-30-12, WHEN I RECEIVED BACK MY 1824, IT WAS REJECTED BECAUSE OF YOUR ACTION AND STATEMENT AND NOW I AM BEING HARMED PHYSICALLY BY YOUR ACTIONS. I BELIEVE THAT YOU DID THIS WITH MALICE AND SURELY WITH DELIBERATE INDIFFERENT TO MY NEEDS.

Inmate/Parolee Signature: Harold H    Date Submitted: 4-13-12

B. Continuation of CDCR 602, Section B only (Action requested):

EXHIBIT (8)



# HEALTH CARE SERVICES



Staff Complaint Assignment Notice
Second Level SC Appeal

Date: 4/24/2012

To: HUNTER, HAROLD (T11939)
D 008 3335001U
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Tracking/Log #: CMC SC 12000399
Appeal Level: Second
Due Date: 6/1/2012

This acts as a notice to you that your appeal has been assigned to the Health Care Appeals Office for response. If you have any questions, please contact the Health Care Appeals Coordinator at your institution.

In accordance with Departmental Policy, when an appeal is received which alleges staff misconduct and includes health care issues, the appeal will be addressed as a staff complaint and the other issues must be appealed separately. If your appeal contains both items, you may file a separate appeal to address your health care concerns in accordance with California Code of Regulations, Title 15, Article 8, Appeals.

If you require further medical assistance, please use the "sick call" process by completing a Health Care Services Request form, CDC 7362, to request an appointment with a clinician to address your concerns.

Ortiz, C
HealthCare Appeals Coordinator
Health Care Appeals Office
California Men's Colony

EXHIBIT (9)

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 23, 2012


HUNTER, HAROLD, T11939
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101


RE: TLR# 1113559    CMC-12-00128    LIVING CONDITIONS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8.  The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(15).  You have submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review.


Please follow the instructions given to you on the CDC 695 screening form attached to this appeal by the Appeals Coordinator.


*[signature]*

J. D. LOZANO, Chief
Office of Appeals


*EXHIBIT (10)*

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

****PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE****

ATTACHMENT E-3

State of California

# Memorandum

Date    5/25/12

To      Hunter, H.  CDCR# T-11939
        California Men's Colony

Subject STAFF COMPLAINT RESPONSE - APPEAL # CMC SC 12000399

**APPEAL ISSUE:** In your written appeal signed 4/3/2012, you claim your Primary Care Physician (PCP), J. Haar, MD was "angry," "rude," and "very unprofessional" during an office visit on 2/9/2012, and took away your physical limitations which state you've had since 2003 when he wrote a new 128C Duty Limitation Chrono, and by completing a Form 1845 that verified that you have no CDCR defined permanent disabilities. The Form 1845 was required as you filed an 1824 claiming you had a disability requiring accommodation. You contend that Dr. Haar acted with "malice" and "deliberate indifferent (sic)" to your needs

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY

**SUMMARY FOR APPEAL INQUIRY:** You were interviewed on 05/23/2012, by D. Ralston, MD and Chief Medical Executive (CME).  During the interview you reviewed your allegations against Dr. Haar and stated that due to removal of your restrictions, you had now been given a job that requires walking. However, you acknowledged that at a clinic visit with Dr. Gallagher on 2/21/2012, your 128C Duty Limitation Chrono was rewritten providing you with the physical restrictions you have had since 2003, and you are now being allowed to sit down, as needed, while working or standing in the medication line. You also stated you did not tell Dr. Gallagher that Dr. Haar had previously rescinded these restrictions. You appeared to be unaware that by filing an 1824, Reasonable Modification or Accommodation Request, Dr. Haar was obligated to complete a new form 1845 and 128C per CDCR policy.

☒ A Confidential Inquiry was conducted. No witnesses were identified. A review of your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.

*EXHIBIT C11)*

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level:

☒  An inquiry into your allegation has been conducted.

STAFF COMPLAINT RESPONSE APPEAL LOG # CMC SC 12000399
Hunter, H.  CDCR# T-11939

Page 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy.

☒   The inquiry is complete.   Staff did not violate CDCR policy.   In accordance with Departmental Policy, when an appeal is received which alleges staff misconduct and includes health care issues, the appeal will be addressed as a staff complaint and the other issues must be appealed separately.   If your appeal contains both items, you may file a separate appeal to address your health care concerns in accordance with California Code of Regulations, Title 15, Article 8, Appeals

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

_____                    _5/29/12_
T. Fox                                                       Date
Chief Executive Officer (CEO)
California Men's Colony

EXHIBIT (12)

STATE OF CALIFORNIA  
PATIENT/INMATE APPEAL  
DEPARTMENT OF CORRECTIONS AND REHABILITATION  
Side 2

CDCR 602 HC (REV. 04/11)

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____

Patient/Inmate Signature: _____ Date Submitted: _____

E. Second Level – Staff Use Only     Staff – Check One: Is CDCR 602-A Attached?    ☐ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____   Date: _____   Date: _____

☐ Cancelled (See attached letter):   Date: _____

☑ Accepted at the Second Level of Review

Assigned to: Chief Medical Executive Title: M.D   Date Assigned: 1/20/12   Date Due: 6/1/12

Second Level Responder: Complete a Second Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is:   ☐ Granted   ☑ Granted in part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section D.

Interviewer: _____   Title: CME   Signature: _____   Date completed: 5/30/2012
    (Print Name)

Reviewer: _____   Title: CEO   Signature: _____
    (Print Name)

Date received by HCAC: 5/30/12     HCAC Use Only   Date mailed/delivered to appellant: 5 30/12

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Office of Third Level Appeals – Health Care, California Prison Health Care Services, P.O. Box 4038, 660 Suite 400, Sacramento, CA 95812-4038. If you need more space, use Section F of the CDCR 602-A.

_____
_____
_____
_____

Patient/Inmate Signature: _____ Date Submitted: _____

G. Third Level – Staff Use Only

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____   Date: _____   Date: _____

☐ Cancelled (See attached letter):   Date: _____

☐ Accepted at the Third Level of Review  
Your appeal is   ☐ Granted   ☐ Granted in part   ☐ Denied   ☐ Other: _____

See attached Third Level response.     Third Level Use Only  
    Date mailed/delivered to appellant: __/__/__

Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____

EXHIBIT C, 13

Patient/Inmate Signature: _____ Date Submitted: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

Date:

### AUG 2 1 2012

To:   HAROLD HUNTER (T11939)
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

From: California Prison Health Care Services
Office of Third Level Appeals – Health Care
P.O. Box 4038
Sacramento, CA 95812-4038

Tracking/Log No.: CMC SC 12000399

This Staff Complaint appeal was reviewed on behalf of the Director, Policy and Risk Management Services by staff under the supervision of the Chief, Office of Third Level Appeals – Health Care. All submitted information has been considered.

**DIRECTOR'S LEVEL DECISION:**
Appeal is denied.

**PATIENT-INMATE'S ISSUE:**
Your CDCR 602 HC indicated on December 15, 2011, Dr. Haar filled out a Medical Communication Chrono (CDCR 128C) Duty Limitation form for no prolonged standing and walking.   On January 26, 2012, you filed a Reasonable Modification and/or Accommodation Request (CDCR 1824) for which you were seen by Dr. Haar on February 9, 2012. Dr. Haar was angry with you for filing the CDCR 1824.  He was rude and very unprofessional.  He completed another CDCR 128C taking away your physical limitations, which you have had since 2003.  Dr. Haar refused to reply to your Inmate Request dated March 30, 2012.  Your CDCR 1824 was denied and you were harmed as a result.  You contend Dr. Haar acted with malice and deliberate indifference to your needs.

You requested for Dr. Haar to retract his written statements on your Disability Verification Program Placement form (CDCR 1845) and your Medical Communication Chrono (CDCR 128C) Duty Limitation form dated February 9, 2012.

**INSTITUTION'S DECISION:**
The institution partially granted your appeal indicating your appeal was processed as a staff complaint wherein a Confidential Inquiry was completed.  Your allegations were related as stated in your appeal document.  You were interviewed on May 23, 2012 by Chief Medical Executive Ralston and related you had been given a job that required walking due to Dr. Haar's removal of your physical limitations.  You acknowledged that on February 21, 2012, your CDCR 128C was rewritten by Dr. Gallagher, allowing you to have a job in which you sat down to work or to wait in medication line.  You seemed to be unaware that when you filed a CDCR 1824, Dr. Haar was obligated to complete a new CDCR 1845 and CDCR 128C per policy.   A confidential inquiry was conducted and no witnesses were interviewed.

*EXHIBIT C 14)*

h. Hunter T11939
CMC SC 12000399
Page 2 of 3

Your Unit Health Record was reviewed. Conclusions indicated there was no violation of California Department of Corrections and Rehabilitation (CDCR) policy.

**BASIS FOR DIRECTOR'S LEVEL DECISION:**
Your appeal was deemed a staff complaint by the institution's hiring authority. The Director's Level Examiner reviewed the Confidential Inquiry, supporting documents and your appeal documents. Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules and policies. Any report generated or action taken regarding a staff complaint is confidential. As such, no matters related to staff shall be shared with other staff, inmates or the public.

Your complaint was referred for a Staff Complaint Inquiry. The supervisor's inquiry into the matter concluded Dr. Haar did not violate CDCR policy. Review of the inquiry documents and all supporting documents demonstrated you were interviewed on May 22, 2012, Dr. Haar was interviewed on May 7, 2012, and Dr. Gallagher was interviewed on May 21, 2012. Your Electronic Unified Health Record was reviewed. The content of the inquiry supported the conclusions determined.

You requested for Dr. Haar to retract his written statements on your Disability Verification Program Placement form (CDCR 1845) and your Medical Communication Chrono (CDCR 128C) Duty Limitation form dated February 9, 2012. Your appeal was categorized as a staff complaint and this request is a medical issue, that is, a disagreement with treatment. You were directed in the Staff Complaint Response dated May 25, 2012 to resubmit any medical requests as a separate appeal if you wish to pursue the request pursuant to Title 15 California Code of Regulations section 3084.9 (i)(2). Therefore, this request will not be addressed in this appeal.

The California Code of Regulations (CCR), Title 15, Section 3084.1 (d) states, "No reprisal shall be taken against an inmate or parolee for filing an appeal." This does not prohibit appeal restrictions against an inmate or parolee abusing the appeals process as defined in Section 3084.4.

After review, there was no compelling evidence that warranted intervention at the Director's Level of Review as your staff complaint was processed by in accordance with CDCR policy and the California Code of Regulations, Title 15.

**RULES AND REGULATIONS:**
The rules governing these issues are: California Code of Regulations, Title 15, Sections 3001, 3004, 3084, 3084.9, 3270, 3271, 3350, 3354, and 3391; CDCR Operations Manual Section: 31140.14, and Inmate Medical Services Program Policies and Procedures.

**ORDER:**
No changes or modifications are required by the institution.

This decision exhausts your available administrative remedy within the California Department of Corrections and Rehabilitation.

Lori Zamora, Chief
California Correctional Health Care Services
Office of Third Level Appeals-Health Care

*EXHIBIT C(15)*

P.O. Box 4038 • Sacramento, CA 95812-4038

EXHIBIT (16)

Letter from
J. Dykes and Johnson Medical Building

J. Dykes Johnson, Medical Doctor
John W. Bitzer, Medical Doctor

IN 1969

# THE DYKES AND JOHNSON MEDICAL BUILDING

520 NORTH STREET   -:-   TAFT, CALIFORNIA
PHONE RO 5-4171

J. DYKES JOHNSON, M.D.                                    JOHN W. BITZER, M.D.

July 8, 1969

TO WHOM IT MAY CONCERN:

Re:  Harold Hunter

This is to certify that Harold Hunter was under treatment in
this office from April 30, 1969 to July 3, 1969, for Pulmonary
Coccidioidomycosis.  He has, at this time, recovered from
this illness with no sequelae.

This patient also related that he sustained a fracture of the
right foot in 1967.  He was under medical management from Dr.
John Ellis, Taft, California.  Mr. Hunter relates that he
still experiences pain in the right foot when walking any long
distance.

Very truly yours,

JOHN W. BITZER, M. D.

JWB/mc

EXHIBIT (16)

JUL 10 1969

EXHIBIT (17)

Honorable Medical Discharge
United States Army

EXHIBIT (18)

PHYSICAL EXAMINATION
BY ARMY DOCTORS
IN 1970

THIS IS AN IMPORTANT RECORD!
SAFEGUARD IT.

| | | |
|---|---|---|
| **PERSONAL DATA** | 1. LAST NAME-FIRST NAME-MIDDLE NAME<br>HUNTER, HAROLD FRANK | 2. SERVICE NUMBER<br>NA | 3. SOCIAL SECURITY NUMBER |

| 4. DEPARTMENT, COMPONENT AND BRANCH OR CLASS<br>ARMY   AUS   UNASGD | 5a. GRADE, RATE OR RANK<br>PVT | 6. PAY GRADE<br>E-1 | 6. DATE OF RANK<br>DAY 25 / MONTH JUN / YEAR 70 |
|---|---|---|---|

| 7. U.S. CITIZEN<br>☒ YES   ☐ NO | 8. PLACE OF BIRTH (City and State or Country)<br>CARLINVILLE, ILL. | 9. DATE OF BIRTH<br>DAY 30 / MONTH JAN / YEAR 50 |
|---|---|---|

**SELECTIVE SERVICE DATA**

| 10a. SELECTIVE SERVICE NUMBER<br>4  77  50  64 | b. SELECTIVE SERVICE LOCAL BOARD NUMBER, CITY, COUNTY, STATE AND ZIP CODE<br>LB# 77 BAKERSFIELD, CALIF. | c. DATE INDUCTED<br>DAY 25 / MONTH JUN / YEAR 70 |
|---|---|---|

**TRANSFER OR DISCHARGE DATA**

| 11a. TYPE OF TRANSFER OR DISCHARGE<br>DISCHARGE | b. STATION OR INSTALLATION AT WHICH EFFECTED<br>FORT POLK, LA |
|---|---|

| c. REASON AND AUTHORITY<br>AR 635-200   (MEDICAL)   SPN 375 | d. EFFECTIVE DATE<br>DAY 25 / MONTH SEP / YEAR 70 |
|---|---|

| 12. LAST DUTY ASSIGNMENT AND MAJOR COMMAND<br>CO A 2 BN 2 BCT BDE   4th USA | 13a. CHARACTER OF SERVICE<br>HONORABLE | b. TYPE OF CERTIFICATE ISSUED<br>DD FORM 256A |
|---|---|---|

| 14. DISTRICT, AREA COMMAND OR CORPS TO WHICH RESERVIST TRANSFERRED<br>NA | 15. REENLISTMENT CODE<br>RE -4 |
|---|---|

**SERVICE DATA**

| 16. TERMINAL DATE OF RESERVE/UMT&S OBLIGATION<br>DAY / MONTH / YEAR | 17. CURRENT ACTIVE SERVICE OTHER THAN BY INDUCTION<br>a. SOURCE OF ENTRY:<br>☐ ENLISTED (First Enlistment)   ☐ ENLISTED (Prior Service)   ☐ REENLISTED<br>☐ OTHER | b. TERM OF SERVICE (Years)<br>NA | c. DATE OF ENTRY:<br>DAY / MONTH / YEAR<br>NA |
|---|---|---|---|

| 18. PRIOR REGULAR ENLISTMENTS<br>NONE | 19. GRADE, RATE OR RANK AT TIME OF ENTRY INTO CURRENT ACTIVE SVC<br>PVT E-1 | 20. PLACE OF ENTRY INTO CURRENT ACTIVE SERVICE (City and State)<br>FRESNO, CALIF. |
|---|---|---|

| 21. HOME OF RECORD AT TIME OF ENTRY INTO ACTIVE SERVICE (Street, RFD, City, County, State and ZIP Code)<br>P.O. BOX 74<br>Mc KITTRICK, CALIF. | 22. STATEMENT OF SERVICE | | YEARS | MONTHS | DAYS |
|---|---|---|---|---|---|
| | a. CREDITABLE FOR BASIC PAY PURPOSES | (1) NET SERVICE THIS PERIOD | 0 | 3 | 1 |
| | | (2) OTHER SERVICE | 0 | 0 | 0 |
| 23a. SPECIALTY NUMBER & TITLE | 23b. RELATED CIVILIAN OCCUPATION AND D.O.T. NUMBER | (3) TOTAL (Line (1) plus Line (2)) | 0 | 3 | 1 |
| 09B6O TRAINEE | NONE | b. TOTAL ACTIVE SERVICE | 0 | 3 | 1 |
| | | c. FOREIGN AND/OR SEA SERVICE | 0 | 0 | 0 |

| 24. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED |
|---|
| NDSM |

| 25. EDUCATION AND TRAINING COMPLETED |
|---|
| NONE |

**VA AND EMP. SERVICE DATA**

| 26a. NON-PAY PERIODS TIME LOST (Preceding Two Years)<br>NONE | b. DAYS ACCRUED LEAVE PAID<br>08 | 27a. INSURANCE IN FORCE (NSLI or USGLI)<br>☐ YES  ☒ NO | b. AMOUNT OF ALLOTMENT<br>NA | c. MONTH ALLOTMENT DISCONTINUED<br>NA |
|---|---|---|---|---|
| | 28. VA CLAIM NUMBER<br>C-   NA | 29. SERVICEMEN'S GROUP LIFE INSURANCE COVERAGE<br>☐ $10,000   ☐ $5,000   ☒ NONE  $15,000 | | |

**REMARKS**

| 30. REMARKS |
|---|
| CIV ED: 12 yrs<br>BLOOD GP: O<br>TABLE 2-7 AR 601-210 APPLIES |

**AUTHENTICATION**

| 31. PERMANENT ADDRESS FOR MAILING PURPOSES AFTER TRANSFER OR DISCHARGE (Street, RFD, City, County, State and ZIP Code)<br>P.O. BOX 74<br>Mc KITTRICK (KERN) CALIF 93251 | 32. SIGNATURE OF PERSON BEING TRANSFERRED OR DISCHARGED<br>*Harold F Hunt* |
|---|---|
| 33. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER<br>A. BROUSSARD CW2 USA ASST AG | 34. SIGNATURE OF OFFICER AUTHORIZED TO SIGN<br>*[signature]* |

| DD FORM 214<br>1 JUL 66 | PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE EFFECTIVE 1 JAN 67. | ☆ GPO: 1969-351-1 | ARMED FORCES OF THE UNITED STATES REPORT OF TRANSFER OR DISCHARGE |
|---|---|---|---|

EXHIBIT C(7)

2

# MEDICAL BOARD PROCEEDINGS

| | |
|---|---|
| INSTALLATION USAH, FORT POLK, LA. | DATE |

| 1. LAST NAME - FIRST NAME - MIDDLE INITIAL | 2. GRADE | 3. SVC NO./SSA | 4. COMPONENT | 5. AGE | 6. SEX |
|---|---|---|---|---|---|
| HUNTER, Harold F. | E-1 | | US | 20 | M |

7. HOME ADDRESS (Include ZIP Code)

P. O. Box 74
McKittrick, Calif 93251

6. DEPARTMENT OR BRANCH

Army

9. ORGANIZATION OR UNIT

Co A, 2d Bn, 2 g Bde

| 10. TOTAL YEARS MILITARY SVC | | 11. DATE ENTERED CURRENT TOUR OF ACTIVE DUTY | 12. CURRENT AERO RATI | 13. ON FLYING STATUS AT TIME OF ADMISSION |
|---|---|---|---|---|
| a. ACTIVE | b. INACTIVE | | N/A | ☐ YES  ☒ NO |
| 7/52 | N/A | 25 June 70 | | |

14. MILITARY OCCUPATIONAL SPECIALTIES

| | | | 15. | HOSPITAL RECORD N/A |
|---|---|---|---|---|
| TITLE | CODE | TIME IN EACH | a. DATE ADMITTED TO THIS INSTALLATION | N/A |
| a. Trainee | 09B00 | 7/52 | b. FACILITY TRANSFERRED FROM | |
| b. | | | c. INITIALLY ADMITTED (facility) | |
| c. | | | d. DATE INITIALLY ADMITTED | |

## ACTION BY THE BOARD

BY DIRECTION OF THE APPOINTING AUTHORITY, THE BOARD CONVENED TO EVALUATE THE PATIENT IDENTIFIED ABOVE

16. THE PATIENT ☐ WAS  ☒ WAS NOT  PRESENT DURING THE PROCEEDINGS.

17. THE PATIENT ☐ DID  ☒ DID NOT  PRESENT ANY VIEWS IN HIS OWN BEHALF. If the patient did present views in his own behalf, include a summary of his statement in "Continuation", or attach additional sheet(s).

18. THE PATIENT IS ☒ MEDICALLY FIT  ☐ MEDICALLY UNFIT  FOR FURTHER MILITARY SERVICE IN ACCORDANCE WITH CURRENT MEDICAL FITNESS STANDARDS.

AFTER CAREFUL CONSIDERATION OF CLINICAL RECORDS, LABORATORY FINDINGS, HEALTH RECORDS, AND MEDICAL EXAMINATIONS, THE BOARD FINDS:

19. THE PATIENT HAS THE FOLLOWING MEDICAL CONDITIONS AND/OR PHYSICAL DEFECTS. (List all diagnoses, whether or not disqualifying. Use Joint Armed Forces standard terminology and diagnostic code.)

7249: Patient exhibits painful right foot following motorcycle accident in 1968 with traumatic arthritis to his talo-navicular and talo-calcaneal joints and restriction on inversion of his right foot due to a bony bar of the calcaneal-navicular bones, right foot. LOD: No, EPTS, Fit.

Initial Physical Examination:
AFEES - Fresno, Calif.

20.

DETAILS OF MEDICAL CONDITIONS AND/OR PHYSICAL DEFECTS LISTED UNDER ITEM 19

| LINE OF DUTY | APPROXIMATE DATE OF ORIGIN | CAUSE INCIDENT TO SERVICE | | EXISTED PRIOR TO ENTRY ON ACTIVE DUTY | | AGGRAVATED BY ACTIVE DUTY | | OPTIMUM HOSP IMPROVEMENT FOR DISPOSITION PURPOSES | | MAXIMUM HOSP BENEFIT RECEIVED | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | b | c. YES | d. NO | e. YES | f. NO | g. YES | h. NO | i. YES | j. NO | k. YES | l. NO |
| (1) NO, EPTS | Prior to Svc | | X | X | | | X | X | | X | |
| (2) | | | | | | | | | | | |
| (3) | | | | | | | | | | | |
| (4) | | | | | | | | | | | |
| (5) | | | | | | | | | | | |

EXHIBIT (18)

For use of this form, see AR 40-3; the proponent is the Office of The Surgeon General.

EXHIBIT (19)

CDC-128C / Medical Chrono

6-26-03

CALIFORNIA MEN'S COLONY

## BASED ON THIS INMATE'S

_____ acute *medical* condition          _____ acute *mental health* condition
_____ chronic *medical* condition        _____ chronic *mental health* condition
_____ temporary impairment or disability
__✓__ permanent impairment or disability
              _____ see 1845 (if applicable)

## CMC'S MEDICAL DEPARTMENT RECOMMENDS
## ACTIVITY RESTRICTIONS:

*movement / position*
__✓__ no prolonged standing (not longer than __15__ minutes every __60__ minutes)
_____ no prolonged sitting (not longer than _____ minutes every _____ minutes)
__✓__ no climbing
__✓__ no bending, stooping, or twisting
__✓__ no lifting over __10__ pounds
__✓__ no crawling
__✓__ no prolonged walking (not more than __100__ feet without resting)
_____ no use of [ R / L / both ] arm(s)
_____ no repetitive use of [ R / L / both ]  [ hands / arms ]
_____ restricted use of [ R / L / both ] arm (s)  Restrictions:_____
_____ no weight bearing [ R / L ] leg
_____ limited weight bearing  [ R / L ] leg
_____ [ R / L ] leg / foot must be elevated as much as possible
_____ physical condition requires frequent rest periods in cell throughout day
_____ other _____

*environment*
__✓__ may not work around heat          _____ may not work with hands in water
__✓__ may not work around or use machinery    _____ may not work outdoors
__✓__ may not work at heights           _____ may not work in dusty areas
__✓__ lower bunk housing recommended
_____ other _____

## DURATION

**TEMPORARY** (less than 6 months)  **OR**   **PERMANENT** (6 months or more)
_____ days (more than 3 days)          _____ months
_____ weeks                            _____ one year
_____ months                           __✓__ permanent

Upon expiration of this chrono the patient's status will revert to unrestricted, eligible for work unless the patient returns to the medical clinic for further evaluation and possible extension.

__6-26-13__        __6-26-13__                    _____
date signed       start date (if different)      ordering physician signature

__6-26-03__        INMATE ISSUED 2 COPIES __6/26/10__ BY __A. Yotel M.D.__
                                          date        initials

**CMC**
*Cc: Central File*
*Unit Health Record*
*Inmate Assignment LT*
*CC II, CC I*

*EXHIBIT C(9)*

**Duty Limitation**                **MEDICAL**            **CDC 128 C**
CMC-MED-505  (3/02)

INMATE NAME: _____
CDC NUMBER: __T11939__
DOB: __1-30-50__
HOUSING: __#7386__

<u>EXHIBIT</u> (20)

CDCR-128-C3 Medical Classification Chrono

FILED BY J. HAAR, 11-16-11

STATE OF CALIFORNIA
**MEDICAL CLASSIFICATION CHRONO**
CDCR 128-C3 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| ☑ Permanent | ○ Temporary | ○ Expires on: _____ | ○ Expiration Unspecified, review in 6 months |
|---|---|---|---|

| **Level of Care Based on Patient Need** | | **Classification Factors** | |
|---|---|---|---|
| OP ☑ | Acute Rehab ○ | Temporary Medical Hold* ☐ | Long-Term Stay ☐ |
| | Hospice ○ | Temporary Med Isolation* ☐ | Override²* ☐ |
| OHU ○ | SNF ○ | | |
| CTC ○ | GACH/Outside Hospital ○ | | |

**Intensity of Services**

| _Proximity to Consult_ | _Functional Capacity_ | _Medical Risk_ | _Nursing Care Acuity_ |
|---|---|---|---|
| No particular need ○ | Vigorous Activity ○ | Low Risk ○ | Basic Nursing ○ |
| Infreq Basic Consultation ☑ | Full Duty ○ | Medium Risk ☑ | Uncomplicated Nursing ○ |
| Freq Basic Consultation ○ | Limited Duty* ☑ | High Risk ○ | Low-Intensity Nursing ☑ |
| Tertiary Consultations* ○ | Totally Disabled* ○ | | Medium-Intensity Nursing ○ |
| Community Placement* ○ | | | High-Intensity Nursing ○ |
| | | | Special Nursing ○ |

| **Specialized Services** | | **Institutional-Environmental** | |
|---|---|---|---|
| Clinical Category 1 ☐ | Therapeutic Diet¹* ☐ | Restricted – Altitude* ☐ | Req. Electrical Access¹* ☐ |
| Clinical Category 2 ☐ | Respiratory Isolation ☐ | Restricted – Cocci Area* ☐ | Requires Adaptive Eq¹* ☐ |
| Pregnancy Program ☐ | Speech/Occupational Th* ☐ | Restricted – No Stairs¹* ☐ | Req. Medical Transport* ☐ |
| Transplant Center ☐ | Physical Therapy ☐ | | ¹See CDCR 1845 and 7410* ☐ |
| Hemodialysis ☐ | Durable Med Equip¹* ☐ | | |
| Dementia ☐ | | | |

**Comments** (all * items)
(non-confidential)

SEE 128C-01

(medically-confidential)

DM HTN HYPERLIPIDEMIA OBESITY HYPOTHYROIDISM
CHRONIC ® FOOT/ANKLE PAIN S/P TRAUMA

| Completed By (print name): | | CDC NUMBER, NAME (LAST, FIRST, MI), DATE OF BIRTH: |
|---|---|---|
| J. HARR | | D 2083357 001 U |
| Signature: | 400 MD | HUNTER, HAROLD |
| Title: PTS | Date: 11/16/11   11-16-11 | T71939 |
| Institution: CUC-EAST | | 1/30/50 |

**MEDICAL CLASSIFICATION CHRONO**

* Include details in Comments
¹ Include detail in CDCR 1845 or CDCR 7410 as appropriate
² Regional Medical Executive only. State factors overridden in Comments   Printed 2012.04.27 15:11:03 -07'00'

_EXHIBIT (20)_

Distribution: Original – UHR Chrono's Section; Pink – CCI; Canary – C&PR or RC CCIII Central File, Medical Chrono Section; Gold – Inmate

EXHIBIT (Z1)

CDCR-128-C Medical Chrono

FILED BY J. HAAR
ON 12-15-11

CALIFORNIA MEN'S COLONY

## BASED ON THIS INMATE'S

_____ acute *medical* condition          ☐ acute *mental health* condition
☑ chronic *medical* condition            ☐ chronic *mental health* condition
_____ temporary impairment or disability
☑ permanent impairment or disability
                                 _____ see 1845 (if applicable)

CMC's MEDICAL DEPARTMENT RECOMMENDS
## ACTIVITY RESTRICTIONS:

*movement / position*
☑ no prolonged standing (not longer than __15__ minutes every __60__ minutes)
☐ no prolonged sitting (not longer than _____ minutes every _____ minutes)
☐ no climbing
☐ no bending, stooping, or twisting
☐ no lifting over _____ pounds
☐ no crawling
☑ no prolonged walking (not more than __300__ feet without resting)
☐ no use of [ R / L / both ] arm(s)
☐ no repetitive use of [ R / L / both ] [ hands / arms ]
☐ restricted use of [ R / L / both ] arm(s)    Restrictions:_____
☐ no weight bearing  [ R / L ] leg
☐ limited weight bearing  [ R / L ] leg
☐ [ R / L ] leg / foot must be elevated as much as possible
☐ physical condition requires frequent rest periods in cell throughout day
☐ other _____

*environment*
☐ may not work around heat              ☐ may not work with hands in water
☐ may not work around or use machinery  ☐ may not work outdoors
☐ may not work at heights               ☐ may not work in dusty areas
☑ lower bunk housing recommended
_____ other

## DURATION
TEMPORARY (less than 6 months)  OR   PERMANENT (6 months or more)
☐ days (more than 3 days)            _____ months
☐ weeks                              ☑ one year
☐ months

Upon expiration of this chrono the patient's status will revert to unrestricted, eligible for
work unless the patient returns to the medical clinic for further evaluation and possible
extension.

___12/15/11___        _____        _____
date signed           start date (if different)   ordering physician signature
                                                   thm

                      INMATE ISSUED 2 COPIES _12/15/11_ BY _LX_
                                             date        initials

CMC                          INMATE NAME: HUNTER HAROLD
cc: Central File
Unit Health Record          CDC NUMBER:
Inmate Assignment LT
CCII, CCI                    DOB:          T 11939
    EXHIBIT (21)
                            HOUSING:       1/30/50

**Duty Limitation**         MEDICAL              CDC 128C
CMC-MED-505 (3/02) 0282

EXHIBIT (22)

CDCR-1824 Reasonable Modification or
Accommodation Request

Log# 12-00082 / 12-00128

FILED BY PLAINTIFF
ON 1-26-12

*Recat*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## REASONABLE MODIFICATION OR ACCOMMODATION REQUEST

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CmC-E | 12-00082 | 18. ADA |
| | 12-00128 | 9 |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| HAROLD HUNTER | T-11939 | THERAPEUTIC | | 8357 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disibility shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY: AS PER CDCR RECORDS, AXIS I OUTPATIENT WALKING AND STANDING, ARTHRITIS PAIN, C.O.P.D., ASTHMA, SLEEP APNEA, RESPIRATORY BREATHING PROBLEMS

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY? MY DISABILITY IS VERIFIED BY THE MEDICAL AND MENTAL HEALTH RECORDS IN THE POSSESSION OF THE CDCR, AS PER THE ABOVE DECRIPTION, MY DISABILITIES EFFECT FOUR (4) OF THE MAJOR LIFE ACTIVITIES CRITERIA IN TITLE II OF THE A.D.A., SECTION 504 OF THE REHABILITATION ACT, AND THE DEPARTMENT OF JUSTICE 28 CFR PART 35

DESCRIBE THE PROBLEM: THE PROBLEM IS REOCCURING EVERY NIGHT IN THE P.M. MEDICATION LINE ON THE D-QUAD YARD. THE CDCR CUSTODY WILL NOT ADHERE TO MY DOCTORS DUTY LIMITATION CHRONO 128-C FORM 505. THE CDCR CUSTODY MAKES ME STAND FOR LONG PERIODS OF TIME WELL PAST MY PHYSICAL ENDURANCE AND I HAVE TO LEAVE WITHOUT TAKING MY P.M. MEDICATION, IN SHORT THE CDCR CUSTODY IS BLOCKING MY PARTICIPATION IN TAKING MY MEDICATION "PSYCH MEDS"

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? TO BE ABLE TO GO TO THE FRONT OF THE MEDICATION LINE, SO AS TO SHORTEN MY STANDING TIME.

FEB 1 8 2012    EXHIBIT (22)

CMC APPEALS OFFICE

*Harold F. Hunter*
INMATE/PAROLEE'S SIGNATURE

1-26-12
DATE SIGNED

EXHIBIT (23)

CDCR-128-C Medical Chrono

NOTE: Retaliation Chrono indicating to DISREGARD
Prior CDCR-128-C  *IN MALICE*

FILED ON 2-9-12

BY J. HAAR, M.D.

CALIFORNIA MEN'S COLONY

## BASED ON THIS INMATE'S

| _____ acute *medical* condition | _____ acute *mental health* condition |
| ✓ chronic *medical* condition | _____ chronic *mental health* condition |
| _____ temporary impairment or disability | |
| ✓ permanent impairment or disability | |

_____ see 1845 (if applicable)

**CMC's MEDICAL DEPARTMENT RECOMMENDS**   DISREGARD   PRIOR   128C-DL
## ACTIVITY RESTRICTIONS:

*movement / position*

| _____ | no prolonged standing (not longer than _____ minutes every _____ minutes) |
| _____ | no prolonged sitting (not longer than _____ minutes every _____ minutes) |
| _____ | no climbing |
| _____ | no bending, stooping, or twisting |
| _____ | no lifting over _____ pounds |
| _____ | no crawling |
| _____ | no prolonged walking (not more than _____ feet without resting) |
| _____ | no use of [ R / L / both ] arm(s) |
| _____ | no repetitive use of [ R / L / both ] [ hands / arms ] |
| _____ | restricted use of [ R / L / both ] arm(s)   Restrictions:_____ |
| _____ | no weight bearing [ R / L ] leg |
| _____ | limited weight bearing [ R / L ] leg |
| _____ | [ R / L ] leg / foot must be elevated as much as possible |
| _____ | physical condition requires frequent rest periods in cell throughout day |
| _____ | other _____ |

*environment*

| _____ may not work around heat | _____ may not work with hands in water |
| _____ may not work around or use machinery | ✓ may not work outdoors |
| _____ may not work at heights | _____ may not work in dusty areas |
| ✓ lower bunk housing recommended | |
| _____ other | |

## DURATION
**TEMPORARY** (less than 6 months)  **OR**   **PERMANENT** (6 months or more)

| _____ days (more than 3 days) | _____ months |
| _____ weeks | ✓ one year |
| _____ months | _____ permanent |

Upon expiration of this chrono the patient's status will revert to unrestricted, eligible for work unless the patient returns to the medical clinic for further evaluation and possible extension.

| 2/9/12 | | *[signature]* |
| date signed | start date (if different) | ordering physician signature |
| | | Harris |

INMATE ISSUED 2 COPIES _____ BY _____
                        date          initials

**CMC**
cc: Central File
Unit Health Record
Inmate Assignment LT
CCII, CCI

EXHIBIT ( 23 )

**Duty Limitation**
CMC-MED-505 (12/07) DTP

INMATE NAME:  HUNTER, HAROLD

CDC NUMBER:  T11939

DOB:  1/30/50

HOUSING:

**MEDICAL**            **CDC 128C**

"MY A.D.A. FILE"

FALSIFIED MEDICAL DOCUMENT
BY J. HAAR, M.D.

EXHIBIT                (24)

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)    CHECK ALL APPLICABLE BOXES
CDC 1845 (Rev. 01/04)

THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| HUNTER, HAROLD | T71939 | CMC - EAST | | 2/9/12 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☑ Inmate self-identifies to staff    ☐ Third party evaluation request | ☐ Blind/Vision Impaired    ☐ Speech Impaired |
| ☐ Observation by staff    ☐ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired    ☑ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ FULL-TIME WHEELCHAIR USER - DPW<br>Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ INTERMITTENT WHEELCHAIR USER - DPO<br>Requires lower bunk, wheelchair accessible path of travel and *does not require wheelchair accessible cell.* | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device<br>(Wheelchairs shall not be prescribed) - DPM<br>Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause).<br>Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ MOBILITY IMPAIRMENT (Lower Extremities) - DNM<br>Walks 100 yards without pause with or without assistive devices.<br>☐ No Housing Restrictions    ☐ See HOUSING RESTRICTIONS in Section E<br>Requires relatively level terrain and no obstructions in path of travel.<br>Do not place at: CCI, CMC-E, CRC, CTF-C, FSP, SCC 1 or 11, SOL, or SQ. (CDC 128-C: _____ ) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH<br>Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ HEARING IMPAIRMENT - DNH<br>With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV<br>Not correctable to visual acuity of better than 20/200 with corrective lenses in at least one eye. (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS<br>Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - DNS<br>Does not communicate effectively speaking, but does when writing. |

SECTION E: ADDITIONAL MEDICAL INFORMATION

CSR ALERT:
☐ Requires relatively level terrain and no obstructions in path of travel
☐ Complex medical needs affecting placement    ☐ CDC 128-C _____

HEALTH CARE APPLIANCE / IDENTIFICATION VEST:
☐ Cane    ☐ Crutch    ☐ Walker    ☐ Leg/Arm prosthesis    ☐ Vest
☐ Other: _____    ☐ CDC 128-C(s) dated: _____

ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:
☐ Feeding or Eating    ☐ Bathing    ☐ Grooming    ☐ W/C transferring
☐ Toileting    ☐ Other: _____    ☐ CDC 128-C(s) dated: _____

OTHER DPP DESIGNATIONS:
☐ NONE

| CODE | DATED | CODE | DATED |
|---|---|---|---|

HOUSING RESTRICTIONS:    ☐ Lower bunk    ☐ No stairs    ☐ No triple bunk. CDC 128-C(s) dated: _____

SECTION F: EXCLUSIONS

☑ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability.
(Explain in Comments Section and CDC 128-C dated 2/9/12 )

☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)

☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)

SECTION G: EFFECTIVE COMMUNICATION FACTORS

☐ Uses Sign Language Interpreter (SLI)    ☐ Reads Braille    ☐ Communicates with written notes    ☐ Requires large print or magnifier
☐ Reads lips    ☑ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

PHYSICIAN'S COMMENTS: *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

PT. DOES NOT HAVE OBJECTIVE FINDINGS TO SUPPORT NEED FOR FRONT OF THE MEDICATION LINE CALLING — ALSO, HE CAN AVAIL HIMSELF TO BENCH AND TO "LAST CALL" TO PREVENT STANDING THE ENTIRE TIME AT PILL CALL. I USED SIGN LANGUAGE AND SPOKE SLOWLY & CLEARLY AND PT. ASKED QUESTIONS WHICH ASSURED ME HE UNDERSTOOD.

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| D. HALE | [signature] | 2/9/12   AND WE WHO REACHED EFFECTIVE COMMUNICATION |

| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
|---|---|---|
| EXHIBIT (24) | | |

NOTE: After review by the Health Care Manager or Chief Physician & Surgeon, health [...] retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and f[...] ation according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;    Green - Chrono Section [...] ecord    Canary - C&PR/CC-III;    Pink-CC-I;    Gold-Inmate

WORK ASSIGNMENTS I RECEIVED

DUE TO J. HAAR

EXHIBIT (25)(A)

(25)(B)

(25)(c)

Assignment Ducat/Activity Card

CDC#: T11939   HUNTER, HAROLD F
EFF : 02/27/2012
BED#: D  008 3357001010
LOC : F005
RDO : TH H
JOB#: MKA-D.067   7K PM UTILITY
HRS: 1200-1800 1630-2000

AUTH:            BY:

---

Assignment Ducat/Activity Card

CDC#: T11939   HUNTER, HAROLD F
EFF : 02/27/2012
BED#: D  008 3357001010
LOC : D05
RDO : TH H
JOB#: YDN-D.017   DO YRD CREW 3/4W
HRS: 1245-1545 1715-2015

AUTHORIZED BY:

---

Assignment Ducat/Activity Card

CDC#: T11939   HUNTER, HAROLD F
EFF : 09/11/2012
BED#: D  008 3362002L
LOC : D05
RDO : W TH H
JOB#: PTR-D.817   BLD8 PTR 1FLOOR 3
HRS: 1230-1545 1715-2000

AUTHORIZED BY:

---

Assignment Ducat/Activity Card

CDC#: T11939   HUNTER, HAROLD F
EFF : 10/27/2012
BED#: D  008 3362002L
LOC : D05
RDO : S SU H
JOB#: PTR-D.807   BLD8 PTR 1FLOOR
HRS: 0730-1130

AUTHORIZED BY:

---

EXHIBIT (25) (A)

## WORK SUPERVISOR'S REPORT

STATE OF CALIFORNIA
CDC-101 (1/92)                                    DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = EXCEPTIONAL | 3 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 2 | F. TEAMWORK AND PARTICIPATION |
| 2 = ABOVE AVERAGE | 3 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 3 | G. LEARNING ABILITY |
| 3 = SATISFACTORY | 2 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 3 | H. USE OF TOOLS AND EQUIPMENT |
| 4 = BELOW AVERAGE | 2 | D. INTEREST IN ASSIGNED WORK | 3 | I. QUALITY OF WORK |
| 5 = UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 3 | J. QUANTITY OF WORK |

PAY STATUS: FROM: $        TO: $         FROM: JOB NO.         TO: JOB NO.

TOTAL # Hours Assigned:        TOTAL # Hours Worked:

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| YDW-D.017 | 2/23/2012 | | QUARTERLY |

RECOMMENDED FOR: ☐ REASSIGNMENT  ☒ RETAIN  ☐ PAY INCREASE  ☐ PAY DECREASE    INMATE INITIALS

COMMENTS (IF MORE SPACE IS NEEDED, USE REVERSE SIDE)     CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:     INMATE'S INITIALS:

| SUPERVISOR | LENGTH OF SUPERVISION | WORK DETAIL | ETHNICITY |
|---|---|---|---|
| | 96 days | DQ YRD CREW 3/W | WHI |
| INMATE'S NAME | CDC NUMBER | INSTITUTION | DATE |
| HUNTER, HAROLD   HOUSING:8362X | T-11939 | CMC East | 5/29/2012 |

## WORK SUPERVISOR'S REPORT

STATE OF CALIFORNIA
CDC-101 (1/92)  *EXHIBIT (E)*              DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = EXCEPTIONAL | 5 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 5 | F. TEAMWORK AND PARTICIPATION |
| 2 = ABOVE AVERAGE | 5 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 5 | G. LEARNING ABILITY |
| 3 = SATISFACTORY | 5 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 5 | H. USE OF TOOLS AND EQUIPMENT |
| 4 = BELOW AVERAGE | 5 | D. INTEREST IN ASSIGNED WORK | 5 | I. QUALITY OF WORK |
| 5 = UNSATISFACTORY | 5 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 5 | J. QUANTITY OF WORK |

PAY STATUS: FROM: $        TO: $         FROM: JOB NO.         TO: JOB NO.

TOTAL # Hours Assigned:        TOTAL # Hours Worked:

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| PTR-D.807 | 10/27/2012 | | MONTHLY |

RECOMMENDED FOR: ☒ REASSIGNMENT  ☐ RETAIN  ☐ PAY INCREASE  ☐ PAY DECREASE    INMATE INITIALS

COMMENTS (IF MORE SPACE IS NEEDED, USE REVERSE SIDE)     CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:     INMATE'S INITIALS:

| SUPERVISOR | LENGTH OF SUPERVISION | WORK DETAIL | ETHNICITY |
|---|---|---|---|
| C/o A. Bauer | 31 DAYS | BLD8 PTR 1FLOOR | WHI |
| INMATE'S NAME | CDC NUMBER | INSTITUTION | DATE |
| HUNTER, HAROLD   HOUSING: 8362X | T-11939 | CMC-EAST | 11/27/2012 |

Please Return to Records Department for placement into Inmates Central File.

*EXHIBIT (25)(B)*

STATE OF CALIFORNIA
CDC-101 (1/92)

# WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = EXCEPTIONAL | 3 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 3 | F. TEAMWORK AND PARTICIPATION |
| 2 = ABOVE AVERAGE | 3 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 3 | G. LEARNING ABILITY |
| 3 = SATISFACTORY | 3 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 3 | H. USE OF TOOLS AND EQUIPMENT |
| 4 = BELOW AVERAGE | 3 | D. INTEREST IN ASSIGNED WORK | 3 | I. QUALITY OF WORK |
| 5 = UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 3 | J. QUANTITY OF WORK |

| PAY STATUS: FROM: $ | TO: $ | FROM: JOB NO. | TO JOB NO. |
|---|---|---|---|

| TOTAL # Hours Assigned: | TOTAL # Hours Worked: |
|---|---|

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| PTR-D.807 | 10/27/2012 | | QUARTERLY |

RECOMMENDED FOR: ☐ REASSIGNMENT ☐ RETAIN ☐ PAY INCREASE ☐ PAY DECREASE    INMATE INITIALS

COMMENTS (IF MORE SPACE IS NEEDED, USE REVERSE SIDE)

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:          INMATE'S INITIALS:

| SUPERVISOR | LENGTH OF SUPERVISION | WORK DETAIL | ETHNICITY |
|---|---|---|---|
| | 100 days | BLD8 PTR 1FLOOR | WHI |
| INMATE'S NAME | CDC NUMBER | INSTITUTION | DATE |
| HUNTER, HAROLD   HOUSING:8362X | T-11939 | CMC East | 2/4/2013 |

PLEASE RETURN TO RECORDS DEPARTMENT FOR PLACEMENT INTO INMATES CENTRAL FILE.

---

STATE OF CALIFORNIA
CDC-101 (1/92)

# WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = EXCEPTIONAL | 3 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 3 | F. TEAMWORK AND PARTICIPATION |
| 2 = ABOVE AVERAGE | 3 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 3 | G. LEARNING ABILITY |
| 3 = SATISFACTORY | 3 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 3 | H. USE OF TOOLS AND EQUIPMENT |
| 4 = BELOW AVERAGE | 3 | D. INTEREST IN ASSIGNED WORK | 3 | I. QUALITY OF WORK |
| 5 = UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 3 | J. QUANTITY OF WORK |

| PAY STATUS: FROM: $ | TO: $ | FROM: JOB NO. | TO: JOB NO. |
|---|---|---|---|

| TOTAL # Hours Assigned: | TOTAL # Hours Worked: |
|---|---|

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| PTR-D.807 | 10/27/2012 | | QUARTERLY |

RECOMMENDED FOR: ☐ REASSIGNMENT ☒ RETAIN ☐ PAY INCREASE ☐ PAY DECREASE    INMATE INITIALS

COMMENTS (IF MORE SPACE IS NEEDED, USE REVERSE SIDE)

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:          INMATE'S INITIALS:

| SUPERVISOR | LENGTH OF SUPERVISION | WORK DETAIL | ETHNICITY |
|---|---|---|---|
| c/o | 291 days | BLD8 PTR 1FLOOR | WHI |
| INMATE'S NAME | CDC NUMBER | INSTITUTION | DATE |
| HUNTER, HAROLD   HOUSING:8362X | T-11939 | CMC East | 8/14/2013 |

PLEASE RETURN TO RECORDS DEPARTMENT FOR PLACEMENT INTO INMATES CENTRAL FILE.

EXHIBIT (25) (CC)

PAIN MEDICATION RECEIVED
FROM J. HAAR, WHY?
EXHIBIT      (26)(A)
            (26)(B)

**MEDICATION RECONCILIATION - ACTIVE MEDICATIONS AS OF 2/7/2012 2:44:32 PM**

Patient (DOB): HUNTER, HAROLD (1/30/1950)
CDCR#: T11939   Unit#: D 008 33570011U

CALIFORNIA MENS COLONY PHARMACY

Page 11 of 37

| | Drug Name (Generic Name) | Start Date | Last Dispense | Expiration Date | Rx # - Doctor | Refills Left | Qty | Days |
|---|---|---|---|---|---|---|---|---|
| ☐ Renew ☐ Stop | **ARIPIPRAZOLE 5 mg TABLET** (ability 5 mg tablet ud) SIG: TAKE 5 TABLETS (25MG) BY MOUTH EVERY EVENING **"NA"** ** MAR ONLY | 1/13/2012 | 1/13/2012 | 4/11/2012 | 166570319-1 KRASSNER-MH, D. | 2 | 150 | 30 |
| ☐ Renew ☐ Stop | **ASPIRIN 81 mg TABLET DR** (aspirin ec 81 mg tablet ud) SIG: TAKE ONE TABLET BY MOUTH EVERY MORNING. **"NA"** ** MAR ONLY | 11/16/2011 | 1/11/2012 | 11/14/2012 | 166547573-3 HAAR-MD, J. | 9 | 30 | 30 |
| ☐ Renew ☐ Stop | **levothyroxine 50 mcg Tab** (levothyroxine 50 mcg tablet ud) SIG: TAKE ONE TABLET BY MOUTH EVERY MORNING. **"NA"** ** MAR ONLY | 11/16/2011 | 1/11/2012 | 11/14/2012 | 166547577-3 HAAR-MD, J. | 9 | 30 | 30 |
| ☐ Renew ☐ Stop | **LISINOPRIL 5 mg TABLET** (lisinopril 5 mg tablet ud) SIG: TAKE 1 TABLET BY MOUTH DAILY **"NA"** ** MAR ONLY | 11/16/2011 | 1/11/2012 | 11/14/2012 | 166547591-3 HAAR-MD, J. | 9 | 30 | 30 |
| ☐ Renew ☐ Stop | **metFORMIN 500 mg Tab** (metformin hcl 500 mg tablet ud) SIG: TAKE ONE TABLET BY MOUTH EVERY EVENING. **"NA"** ** MAR ONLY | 11/22/2011 | 1/17/2012 | 11/14/2012 | 166549715-3 HAAR-MD, J. | 9 | 30 | 30 |
| ☐ Renew ☐ Stop | **omeprazole 20 mg Cap, Delayed Release** (omeprazole dr 20 mg capsule-ud) SIG: TAKE ONE CAPSULE BY MOUTH EVERY MORNING. "RESTRICTION MET"**"NA"** ** MAR ONLY | 12/15/2011 | 1/12/2012 | 11/14/2012 | 166558517-2 HAAR-MD, J. | 10 | 30 | 30 |
| ☐ Renew ☐ Stop | **SIMVASTATIN 20 mg TABLET** (simvastatin 20 mg tablet). SIG: TAKE ONE TABLET BY MOUTH EVERY EVENING. **"NA"** ** MAR ONLY | 11/22/2011 | 1/17/2012 | 11/14/2012 | 166549718-3 HAAR-MD, J. | 9 | 30 | 30 |
| ☐ Renew ☐ Stop | **SULINDAC 200 mg TABLET** (sulindac 200 mg tablet ud) SIG: TAKE 1 TABLET BY MOUTH EVERY MORNING AND EVERY EVENING WITH FOOD **"NA"** (MAX: 40 TABS/MONTH PER MD) ** MAR ONLY | 12/23/2011 | 1/21/2012 | 5/14/2012 | 166562489-2 GALLAGHER-MD, P. | 4 | 40 | 30 |
| ☐ Renew ☐ Stop | **VENLAFAXINE HCL 100 mg TABLET** (venlafaxine hcl 100 mg tablet) SIG: TAKE ONE TABLET BY MOUTH EVERY MORNING. **"DOT"** ** MAR ONLY | 1/13/2012 | 1/13/2012 | 4/11/2012 | 166570320-1 KRASSNER-MH, D. | 2 | 30 | 30 |

**①** ONLY CHANGE OR PROCESS CHECKED PRESCRIPTIONS

NEW PRESCRIPTION: *(handwritten)* SIMVASTATIN 500mg po 1000mg po BID w/food prn PAIN MAX 40/month N4x 6 mos mdcal by: Abbails Ren~2 11/41 2/9/12

Allergies: No Known Allergies

MEDICATION RECONCILIATION

SUBSTITUTION PERMITTED SIGNATURE *(signature)*

DATE/TIME 2/9/12 15:00

PROV# *(handwritten)*

DISPENSE AS WRITTEN SIGNATURE *(signature)*

DEA# REQUIRED FOR CONTROLLED SUBSTANCES

*** SEND TO PHARMACY ONCE COMPLETE ***

"NR" - Nonformulary Medication
2/7/2012 2:44:32 PM
Confidential Saved 2013-10-02T23:39:02Z

EXHIBIT (26) (A)

# MEDICATION RECONCILIATION - ACTIVE MEDICATIONS AS OF 2/14/2012 9:15:06 PM

**CALIFORNIA MENS COLONY PHARMACY**

Page 1 of 2

**Patient (DOB):** HUNTER, HAROLD (1/30/1950)
**CDCR#:** T11939   **Unit#:** D  008  3357001U

**Allergies:** No Known Allergies

| ❏ | Drug Name (Generic Name) | Start Date | Last Dispensed | Expiration Date | Rx #: Doctor | Refills Left | Qty | Days |
|---|---|---|---|---|---|---|---|---|
| ❏ Renew ❏ Stop | **ARIPIPRAZOLE 5 mg TABLET** (ability 5 mg tablet ud) SIG: TAKE 5 TABLETS (25MG) BY MOUTH EVERY MORNING. **NA** ** MAR ONLY | 2/10/2012 | 2/10/2012 | 4/11/2012 | 156581798-1 KRASSNER-MH, D. | 2 | 150 | 30 |
| ❏ Renew ❏ Stop | **ASPIRIN 81 mg TABLET DR** (aspirin ec 81 mg tablet ud) SIG: TAKE ONE TABLET BY MOUTH EVERY MORNING. **NA** ** MAR ONLY | 11/16/2011 | 2/8/2012 | 11/14/2012 | 156547573-4 HAAR-MD, J. | 8 | 30 | 30 |
| ❏ Renew ❏ Stop | **levothyroxine 50 mcg Tab** (levothyroxine 50 mcg tablet ud) SIG: TAKE ONE TABLET BY MOUTH EVERY MORNING. **NA** ** MAR ONLY | 11/16/2011 | 2/8/2012 | 11/14/2012 | 156547577-4 HAAR-MD, J. | 8 | 30 | 30 |
| ❏ Renew ❏ Stop | **LISINOPRIL 5 mg TABLET** (lisinopril 5 mg tablet ud) SIG: TAKE 1 TABLET BY MOUTH DAILY **NA** ** MAR ONLY | 11/16/2011 | 2/8/2012 | 11/14/2012 | 156547591-4 HAAR-MD, J. | 8 | 30 | 30 |
| ❏ Renew ❏ Stop | **metFORMIN 500 mg Tab** (metformin hcl 500 mg tablet ud) SIG: TAKE ONE TABLET BY MOUTH EVENING. **NA** ** MAR ONLY | 11/22/2011 | 2/14/2012 | 11/14/2012 | 156549715-4 HAAR-MD, J. | 8 | 30 | 30 |
| ❏ Renew ❏ Stop | **omeprazole 20 mg Cap, Delayed Release** (omeprazole 20 mg capsule-ud) SIG: TAKE ONE CAPSULE BY MOUTH EVERY MORNING. | 12/15/2011 | 2/9/2012 | 11/14/2012 | 156558517-3 HAAR-MD, J. | 9 | 30 | 30 |
| ❏ Renew ❏ Stop | **SALSALATE 500 mg TABLET** (salsalate 500 mg tablet) SIG: TAKE 2 TABLETS (1000MG) BY MOUTH TWICE A DAY WITH FOOD AS NEEDED FOR PAIN (MAX 40 TABS/MONTH) **NA** ** MAR ONLY | 2/10/2012 | 2/10/2012 | 8/7/2012 | 156581900-1 HAAR-MD, J. | 5 | 40 | 30 |
| ❏ Renew ❏ Stop | **SIMVASTATIN 20 mg TABLET** (simvastatin 20 mg tablet ud) SIG: TAKE ONE TABLET BY MOUTH EVERY EVENING. **NA** ** MAR ONLY | 11/22/2011 | 2/14/2012 | 11/14/2012 | 156549718-4 HAAR-MD, J. | 8 | 30 | 30 |
| ❏ Renew ❏ Stop | **VENLAFAXINE HCL 100 mg TABLET** (venlafaxine hcl 100 mg tablet) SIG: TAKE ONE TABLET BY MOUTH EVERY MORNING. **DOT** ** MAR ONLY | 1/13/2012 | 2/10/2012 | 4/11/2012 | 156570320-2 KRASSNER-MH, D. | 1 | 30 | 30 |

**❸ ONLY CHANGE OR PROCESS CHECKED PRESCRIPTIONS**

| Medication | Dose | Form | Quantity | Route | Frequency | Duration | DOT/KOP | PRN |
|---|---|---|---|---|---|---|---|---|
| Keflex | 500mg | tablet | one | po | qid | 7 days | DOT · 1st dose now | |
| Clotrimazole | 1% | Cream | one tube | topically | bid | 2 weeks | DOT. 1st dose now | |
| Nystatin | 325 mg | tablet | two | po | tid | 14 days | DOT 1st dose prn pain | |

**NEW PRESCRIPTION:**

Bujlosar MD  2/14/2012 17:48 PM

SUBSTITUTION PERMITTED
SIGNATURE

MEDICATION RECONCILIATION

REVIEWED BY
DR. BULOSAN
DATE/TIME  FEB 14 2012

PROV#

DISPENSE AS WRITTEN
SIGNATURE

DEA# REQUIRED FOR
**CONTROLLED SUBSTANCES

**NA** - Nonformulary Medication

Confidential Saved 2013-04-04 09:09:02Z

EXHIBIT (26) (B)

EXHIBIT (27)

MEDICAL EXAM ON
5-24-13
↑

California Correctional Health Care Services                                    CALIFORNIA MEN'S COLONY

## CHRONIC CARE FOLLOWUP VISIT/PROGRESS NOTE

| NAME: HUNTER, HAROLD | CDCR#: T11939 | DATE OF SERVICE: 05/24/2013 |
|---|---|---|
| DATE OF BIRTH: 01/30/1950 | HOUSING: D 008 3362001L | PAROLE DATE: 03/17/2021 |

Test of Adult Basic Education (TABE) score 0. The patient is not sure why. He has a high school diploma and had no problems discussing and communicating with me. He will ask his counselor again why there is no TABE score and ask about getting one noted on his Patient Health Information Portal site.

CHRONIC MEDICAL PROBLEMS / SUBJECTIVE: The patient is in today for a chronic care visit. His last chronic care visit was 01/14/2013 and this is the update. Problems include:
1. Peyronie disease. The patient has Peyronie disease. There is some plaquing but nothing specific can be done for it and no other intervention is planned.
2. Benign prostatic hypertrophy. The patient reports that that is actually doing better and although he has a little bit of dribbling post void he is not getting up at night like he had been at one time and he is on no specific medicine other than terazosin at 5 mg for that and we will continue the same.
3. Chronic obstructive pulmonary disease. The patient had been a smoker for some 30 years at 1 pack a day. He reports that he still gets a little breathless when he tries to walk fast or when he goes up a flight of stairs and he will need to rest when he gets to the top before continuing. The patient is on 3 different medicines including Flovent 220 of 2 inhales twice a day which he is using properly from a spacing and rinsing after use point of view. He also has Atrovent at 2 inhales 2-3 times a day which he is using fairly consistently and then he has levalbuterol which he states he tends to use each day even though he is actively not wheezing and I have encouraged him and wrote the name down so he can be clear on which one it is, that that is a rescue inhaler and he really should not be using this unless he is actively wheezing.
4. History of diabetes. The hemoglobin A1c that was tested was 5.7 in April 2013 and I think that was probably an over diagnosis. The patient is not on any medication per se for diabetes. He is on baby aspirin for his cardiovascular protector effect which I think is appropriate with other risk factors and we will continue that one and we will look at an updated hemoglobin A1c. I had stopped his metformin previously around November 2012.
5. Hyperlipidemia. The patient is on simvastatin at 40 mg each day. Laboratory work done on 04/09/2013 showed a total cholesterol of 155, HDL low at 27, triglycerides high at 256 and LDL at 77. We will continue the same for that.
LINE 1 → 6. Arthritis, particularly in his knees, his feet, his low back, and he has had Indocin which he has used on a p.r.n. basis and states that it helps. I have explained that it has been pulled off the formulary and have gone to an alternative in the Clinoril / sulindac 200 b.i.d. type dosage.
7. Peptic symptoms, for which he has omeprazole. Zantac did not do the job. We will continue with that.
8. Obesity. At 5 feet 10 inches and 250 pounds he is clearly in the obesity category with a BMI of 36.
9. Hypothyroid. His thyroid testing was in the low normal range with a free thyroxine index of only 1.4, the lower end of normal. He is on levothyroxine 50 mcg each day and we will look at an updated thyroid panel TSH on him prior to his next visit in 3 months. The patient has no other active medical problems. He is on lisinopril for its renal protective effect with diabetes but since that diagnosis is suspect I will continue it for now but consider stopping it in the future. The patient has no other active medical problems.
10. The patient had a suppurative adenitis involving the back of his neck. He has had biopsies of same. It just looks like a bad acne type of lesions but it is a fairly wide band, about 4 inches long and 2 inches wide on the wrinkled area of his neck and I am going to try some benzoyl peroxide in that area and see if it helps. Would consider a systemic antibiotic like erythromycin or doxycycline in the future.

MEDICATIONS: Discussed above

OBJECTIVE/OBSERVATION: VITAL SIGNS: Blood pressure 124/77, temperature 97.4, re 17, pulse 72. Oxygen saturation 96%. Height 5 feet 10 inches. Weight 250 pounds. Body mass index 36. SKIN: The skin lesions involve the suppurative head adenitis on the neck area as noted above. CHEST: Clear, although slightly decreased breath sounds, no wheezing. CARDIOVASCULAR: Normal S1 and S2. No murmurs, no ectopy. ABDOMEN: Adipose abdomen. EXTREMITIES: No clubbing, cyanosis or edema. Good peripheral pulses.

LABORATORY DATA/DIAGNOSTIC DATA:

ASSESSMENT AND PLAN: I will see him back in 3 months with laboratory work before.

*EXHIBIT (27)*

DICTATED BY Paul Gallagher, MD
HUNTER HAROLD

Confidential Saved 2013-10-02T23:39:02Z
T11939

HAROLD HUNTER, T-11939
CMC-E #8278
P.O. BOX 8101
SAN LUIS OBISPO, CA.
93409

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

$ 05.05⁰
02 1R
0006854230   DEC 11 2014
MAILED FROM ZIP CODE 93409

UNITED STATES DISTRICT COURT
CLERKS OFFICE
312 NORTH SPRING ST.   G-8
LOS ANGELES, CALIF.
90012   1983

CONFIDENTIAL
LEGAL
MAIL





RECEIVED
CLERK, U.S. DISTRICT COURT

DEC 15 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

CONFIDENTIAL
LEGAL
MAIL

CONFIDENTIAL
LEGAL MAIL